IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DWAYNE B., by his next friend, John Stempfle;
CARMELA B., by her next friend, William Ladd;
LISA J., by her next friend, Teresa Kibby; and
JULIA, SIMON, and COURTNEY G., by their
next friend, William Ladd; for themselves and
others similarly situated,

       Plaintiffs,

v.                                                      CASE: 2:06-cv-13548
                                                       Hon. Nancy G. Edmunds

JENNIFER GRANHOLM, in her official
capacity as Governor of the State of
Michigan, MARIANNE UDOW, in her
official capacity as Director of the Michigan
Department of Human Services ("DHS");
LAURA CHAMPAGNE, in her official
capacity as Chief Deputy Director of DHS
Operations; and JAMES HENNESSEY, in
his official capacity as Deputy Director of
DHS Children's Services,

       Defendants.
_____/

Marcia Robinson Lowry (Bar No. 1187053)
Sara M. Bartosz (Bar No. 6194058)
Children's Rights
330 Seventh Avenue, Fourth Floor
New York, New York  10001
Phone:  (212) 683-2210

Richard Landau (P42223)
Heidi Naasko (P58783)
Dykema Gossett PLLC
400 Renaissance Center
Detroit, Michigan  48243
Phone:  (313) 568-6800
Attorneys for Plaintiffs
_____

William R. Morris (P31957)
Michigan Department of Attorney General
Education & Social Services Division
P.O. Box 30758
Lansing, MI  48909
Phone:  (517) 373-7700
Attorney for Defendants

_____

## STIPULATED CONFIDENTIALITY ORDER

By agreement of the parties and for good cause shown, it is hereby ORDERED that:

1. Any individually-identifiable information derived or ascertained from any document produced or other formal or informal disclosure made by a party to this case that concerns any minor child (under 19 years of age), such child s family members, foster family members, and persons included in any case files as a source of information concerning the child, including without limitation any names, addresses, telephone numbers, social security numbers, dates of birth, and other individual information likely to enable a reasonable member of the general public to ascertain the relevant person's identity (collectively, "Individually-Identifiable Information"), is hereby designated to be confidential and shall be subject to the provisions of this Order.

2. The use of Individually-Identifiable Information by the parties and their counsel for any purpose other than the preparation and trial of this case or other proceedings related to this case, including but not limited to current settlement discussions, is prohibited, except as modified by subsequent order of this Court.

3. Disclosure of Individually-Identifiable Information shall be limited to the parties, their counsel and staff and consultants employed by the parties or their counsel, including testifying experts and persons employed by experts.

4. Any person to whom Individually-Identifiable Information is disclosed under the terms of this Order shall be provided a copy of this Order and is specifically directed not to reveal such information for any purpose other than as permitted by this Order.

5. If Individually-Identifiable Information is used during depositions or in pleadings, briefs, affidavits or other filings, the relevant portions of deposition transcripts, deposition exhibits, pleadings, briefs, affidavits and other documents shall be treated as confidential in accordance with this Order and redacted or sealed prior to filing.

6. If Individually-Identifiable Information is to be used during trial or in any other evidentiary hearing in this case, the relevant portions of any exhibits, testimony, and other evidentiary submissions shall be treated as confidential and redacted or sealed in a manner consistent with this Order and any subsequent order governing the treatment of Individually-Identifiable Information in this case.

7. Defendants stipulate and agree to this Order, including but not limited to the provisions contained in paragraphs 2, 5 and 6 herein, at this time without waiving any legal rights or defenses they may possess in relation to opposing plaintiffs' pending complaint and pending motion class for certification and in relation to opposing any later requests by plaintiffs for discovery under the federal rules of civil procedure.  Plaintiffs stipulate and agree that they shall not use this Order as a basis for asserting any waiver by Defendants regarding any legal rights or defenses Defendants may possess in relation to opposing plaintiffs' pending complaint and pending motion class for certification and for asserting any waiver by Defendants in relation to opposing any later requests by plaintiffs for discovery under the federal rules of civil procedure.

8. This Order shall not apply to or prohibit the disclosure or dissemination of

information other than Individually-Identifiable Information, including without limitation (i) summary data and calculations based on Individually-Identifiable Information that are not themselves individually-identifiable, and (ii) documents produced by a party to this action that as redacted or otherwise altered are not individually-identifiable.

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated:  September 12, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2006, by electronic and/or ordinary mail.

                                      s/Carol A. Hemeyer
                                      Case Manager

**AGREED TO AND APPROVED FOR ENTRY:**

**ATTORNEYS FOR PLAINTIFFS:**

By:     s/with consent of Sara M. Bartosz
           Sara M. Bartosz
           Children's Rights
330 Seventh Avenue, Fourth Floor
New York, New York  10001
Phone:  (212) 683-2210

**ATTORNEY FOR DEFENDANTS**

By:     s/William R. Morris
           William R. Morris
           Michigan Department of Attorney General
           Education & Social Services Division
           P.O. Box 30758
           Lansing, MI  48909