# EXHIBIT A

## to

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND FOR ENTRY OF CONFIDENTIALITY ORDER

## Case No. 2:06-CV-13548

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

DWAYNE B., by his next friend, John Stempfle;
CARMELA B., by her next friend, William Ladd;
LISA J., by her next friend, Teresa Kibby; and
JULIA, SIMON and COURTNEY G., by their next
Friend, William Ladd; for themselves and others
similarly situated,

    Plaintiffs,

v.

JENNIFER GRANHOLM, in her official capacity
As Governor of the State of Michigan, MARIANNE
UDOW, in her official capacity as Director of the
Michigan Department of Human Services ("DHS");
LAURA CHAMPAGNE, in her official capacity as
Chief Deputy Director of DHS Operations; and
JAMES HENNESSEY, in his official capacity as
Deputy Director of DHS Children's Services,

    Defendants.
_____/

Case No. 2:06-cv-13548

Hon. Nancy G. Edmunds

**Class Action**

**INTERIM CONSENT PROTECTIVE ORDER**

The case is presently in the discovery stage and such discovery will involve review of confidential files and records of minors in the physical and/or legal custody of the Michigan Department of Human Services ("Department"). Accordingly, good cause having been shown and the parties having consented to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

1. All documents produced by the Department which contain confidential information protected under the following laws:

   a. Any information which identifies by name or address, or could reasonably lead to the disclosure of the name or address of any applicant for or recipient of child welfare, foster care or adoption assistance services; [42 U.S.C. 671(a)(g), 45 CFR 1355.21]

   b. Any information concerning the amounts of financial assistance provided to particular individual recipients of child welfare, foster care or adoption assistance services; [45 CFR 205.50]

   c. Any information related to the social and economic conditions or circumstances of a particular individual applicant for or recipient of child welfare, foster care or adoption assistance services; [45 CFR 205.50]

   d. Agency evaluations of information about a particular individual applicant for or recipient of child welfare, foster care or adoption assistance services; [45 CFR 205.50]

   e. Medical data concerning a particular individual applicant for or recipient of child welfare, foster care or adoption assistance services; [45 CFR 205.50]

   f. All records of child abuse reports and all information obtained in investigating reports of child abuse and neglect; [45 CFR 1340.14]

   g. All information and documents meeting requirements for de-identification of protected health information. [45 CFR 164.514]

   h. Specified information which is disclosed under the Michigan Child Protection Law [MCL 722.621 et. seq.]

and all individual identifying information[1] disclosed during discovery ("Confidential Information") shall be treated as confidential by all parties to this litigation and their counsel. Such Confidential Information shall be used exclusively in this action and for no other purpose, and shall not be disclosed except as stated herein. However, this Protective Order does not affect the right of either party to use or disclose summary data or calculations that are based thereon, provided that such summary data or calculations do not reflect individual identifying information.

2. Upon the conclusion of this action, all copies of confidential records shall be returned to the Department or destroyed within six months of the conclusion of the case, and all notes, abstracts or summaries of confidential documents shall be destroyed by counsel within six months of the entry by the Court of a final judgment in this case.

3. Confidential Information may be disclosed to counsel for the parties, to persons employed as independent experts or consultants, witnesses and employees of counsel who have a need to review the Confidential Information to aid in the litigation of this case. Such employees of counsel shall maintain and honor the confidentiality of the Confidential Information. Disclosure of Confidential Information to persons (including consultants and experts and witnesses) other than counsel and his or her employees shall be conditioned upon their agreeing, by signing a statement identical to Exhibit "A" hereto, to be bound by this Order.

---

[1] "Individual identifying information" means information or facts, regarding a person covered under any public act or statute identified in paragraphs 1 and 7 of this Interim Consent Protective Order that is protected from disclosure by such public acts or statutes, including but not limited to such person's name, address, telephone number, social security number, date of birth, and other facts likely to enable other persons to identify the person.

Former and current employees and officers of the Department and witnesses may review such Confidential Information to the extent deemed necessary by counsel to prepare the witness for deposition or testimony. The Court, Court personnel, court reporters and persons preparing deposition transcripts may review such Confidential Information as necessary. Other persons may review Confidential Information only upon consent of the parties or Court order, and only after signing Exhibit "A".

4. If Confidential Information is used in or attached to pleadings, briefs or other filings with the Court, this information shall be treated as confidential and redacted in accordance with this Order and Administrative Order No. 05-AO-025, signed by Chief Judge Bernard A. Friedman on December 8, 2005.

5. This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during, or after any hearing or trial, upon consent of the parties, or upon application of any of the parties to this action and for good cause shown.

6. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding except as directed by separate order entered for good cause shown.

7. Notwithstanding that this Order has been stipulated to by the parties after lengthy and good faith negotiations, for entry by this Court for purposes of facilitating ongoing discovery, the parties acknowledge that they have been unable to agree upon a final protective order covering all documents requested by Plaintiffs under Rule 34 of the Federal Rules of Civil Procedure. In relation to the specific statutory sections identified

in subparagraphs (a) through (o) below in this paragraph: (1) Defendants take the position that they are prohibited by law from disclosing certain responsive documents or disclosing documents without redaction and/or proper legal authorization and (2) Plaintiffs take the position that any and all responsive documents are subject to production by Defendants and that Plaintiffs will further agree to treat any individually identifiable information contained in such records as confidential under the terms set forth in paragraphs (1) through (6) of this Order, *supra*:

a)  MCL 722.622(y)(i-iv) (statutory exceptions to "specified information" as defined under the Child Protection Law);

b)  MCL 600.2157 (physician-patient records);

c)  MCL 333.18237, MCL 330.1750, MCL 330.1946 (psychologist/ psychiatrist records);

d)  MCL 333.5131 (disclosure of HIV/AIDS data);

e)  MCL 333.17752 (prescription drug information);

f)  MCL 551.339 (communications with Circuit Court Family Counselors);

g)  MCL 710.67 (adoption records);

h)  MCL 333.6111 (drug abuse patient information);

i)  MCL 722.120 (records of child care organizations);

j)  MCL 330.1748 (information regarding the recipient of mental health services);

k)  MCL 791.229 (probation records);

l)  MCL 600.2157a (communications with a domestic violence/sexual assault counselor);

  m)  MCL 722.625 (a reporting person's identity under the Child Protection Law);

  n)  MCL 722.929 (ombudsman report);

  o)  MCL 333.18513 (social worker records).

The list of state statutes in subparagraph (a) through (o) of this paragraph is intended to be exclusive in terms of any confidentiality issues reserved by the parties for future litigation in relation to Plaintiffs' requests for production of documents. Moreover, the parties intend to reserve their rights in relation to the applicability of the state statutes identified in subparagraphs (a) through (o) of this paragraph only insofar as any responsive records contain confidential information which shall be redacted, if possible, and recorded on a log so the document or record can be produced.

In the event that Defendants, in their review of documents, determine that other state confidentiality or privacy statutes may apply, the parties shall confer in good faith and may seek to modify this Order accordingly. If the parties are unable to agree to a modification of this Order, Defendants reserve the right to move this Court to modify this paragraph accordingly upon a showing of good cause.

Any records withheld from production by Defendants under this paragraph shall be identified within a log to be produced within three days after the initial production of responsive documents. This log shall identify, for each document withheld, the author, date, subject matter of the document and a description of the asserted basis for excluding the document from production so that Plaintiffs have an adequate factual basis for challenging the assertion of confidentiality.

8. Within seven (7) days of entry of this Order, defendants shall produce all Named Plaintiff case files requested in Plaintiffs' First Request for Production of Documents subject to paragraphs 1 and 7 of this Order.

9. Nothing contained herein is intended to limit the parties' ability to seek to modify this Order.

IT IS SO ORDERED, this _____ day of _____, 2007.

_____
Hon. Nancy G. Edmunds
United States District Court
Eastern District of Michigan

APPROVED AS TO FORM:

*Robert S. Welliver (P23084) for*
William R. Morris
Assistant Attorney General
Attorney for Defendants

_____
B. Jay Yelton, III
Special Assistant Attorney General
Attorney for Defendants

_____
Marcia Robinson Lowry
Children's Rights, Inc.
Attorney for Plaintiffs

_____
Samuel Damren
Dykema Gossett

Attorney for Plaintiffs