# EXHIBIT B

## to

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND FOR ENTRY OF CONFIDENTIALITY ORDER

## Case No. 2:06-CV-13548

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DWAYNE B., by his next friend, John Stempfle;
CARMELA B., by her next friend, William Ladd;
LISA J., by her next friend, Teresa Kibby; and
JULIA, SIMON and COURTNEY G., by their next
Friend, William Ladd; for themselves and others
similarly situated,

    Plaintiff,

v.

JENNIFER GRANHOLM, in her official capacity
As Governor of the State of Michigan, MARIANNE
UDOW, in her official capacity as Director of the
Michigan Department of Human Services ("DHS");
LAURA CHAMPAGNE, in her official capacity as
Chief Deputy Director of DHS Operations; and
JAMES HENNESSEY, in his official capacity as
Deputy Director of DHS Children's Services,

    Defendants.
_____/

Case No. 2:06-cv-13548

Hon. Nancy G. Edmunds

**Class Action**

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Jennifer Granholm, in her official capacity as Governor of the State of Michigan, Marianne Udow, in her official capacity as Director of the Michigan Department of Human Services ("DHS"); Laura Champagne, in her official capacity as Chief Deputy Director of DHS Operations; and James Hennessey, in his official capacity as Deputy Director of DHS Children's

Services ("Defendants") hereby respond and object to Plaintiffs' First Request for Production of Documents as follows:

**GENERAL RESPONSE & OBJECTIONS**

1. Plaintiffs have failed to take reasonable steps to avoid imposing an undue burden on Defendants, as required by Federal Rule of Civil Procedure 45(c)(1). These Requests are overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence. In addition, these Requests seek the disclosure of highly confidential information prior to the execution and entry of an adequate confidentiality agreement and protective order.

2. Defendants will respond to the Requests within the limitations and subject to the objections described below. The fact that Defendants are willing to respond to any particular document request or produce any documents does not constitute an admission or acknowledgment that a request is proper, that the documents it seeks are relevant or admissible or are within the proper bounds of discovery, or that requests for similar documents will be treated in a similar fashion.

3. Defendants expressly reserve their right to (a) object on any ground to the use of the documents that are produced in any step or proceeding in this action, (b) object on any ground to other discovery requests that involve or relate to the subject matter of these Request, and (c) revise, correct, supplement or clarify any of the responses set forth herein at a later date. Defendants do not admit, adopt or acquiesce in any factual or legal contention, assertion or characterization that is contained in the Requests (or any particular request therein).

4. Certain documents may be produced in a form which indicates that information has been redacted on the grounds that the matter is (a) irrelevant to any claim or defense of any party to this litigation, (b) highly confidential and/or (c) protected by an applicable privilege and/or the work product doctrine.

5. The inadvertent production of a document that is privileged or constitutes work product shall not be deemed to waive the privilege or work product protection with respect to that document or any other document.

6. Defendants object to these Requests to the extent that they seek documents and information that may be obtained from other sources rendering such requests to Defendants, duplicative and unduly burdensome.

7. Defendants object to Plaintiffs' Definitions that seek to impose upon Defendants any obligations or responsibilities in excess of those required by the Federal Rules of Civil Procedure and/or any other applicable law, including, without limitation, the local rules of the Eastern District of Michigan. Defendants also object to Plaintiffs' Definitions in that some of them are vague, ambiguous and/or overbroad, including but not limited to their definition of "relating to", "regarding" and "Policy".

8. Defendants object to Plaintiffs' Instructions that seek to impose upon Defendants any obligations or responsibilities in excess of those required by the Federal Rules of Civil Procedure and/or any other applicable law, including, without limitation, the local rules of the Eastern District of Michigan. Defendants also object to Plaintiffs' Instructions in that many of them are overbroad, unduly burdensome and/or vague.

9. Defendants object to the Requests and to each of the specific categories of documents requested therein to the extent that they purport to require the production of documents that are in the possession, custody or control of persons or entities other than Defendants.

10. Defendants object to the Requests to the extent that they seek the production of any document protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other privilege available under federal or state statutory, constitutional or common law.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1**: All documents relating to the named plaintiff Dwayne B., including but not limited to case files and other records created or maintained by DHS and/or CPAs.

> **RESPONSE**: Subject to and without waiving Defendants' General Objections, Defendants object to this request because it seeks "all documents relating" to a particular individual that are in the Defendants' possession, custody, or control, "or in the possession, custody, or control of their attorneys, agents, employees, independent contractors, and all other persons acting on behalf of each of them or any of them." This request is overbroad, unduly burdensome, harassing and oppressive to Defendants. Compliance with such a request would be extraordinarily difficult and costly to retrieve, review and produce. Subject to and without waiving these objections, Defendants will retrieve, review and produce the case files that DHS maintains for this particular individual. To the extent that a CPA maintains case files for this particular individual, Defendants will take reasonable steps to retrieve, review and produce those files to Plaintiffs.

**REQUEST NO. 2**: All documents relating to the named plaintiff Carmela B., including but not limited to case files and other records created or maintained by DHS and/or CPAs.

> **RESPONSE**: Subject to and without waiving Defendants' General Objections, Defendants object to this request because it seeks "all documents relating" to a particular individual that are in the Defendants' possession, custody, or control, "or in the possession, custody, or control of their attorneys, agents, employees, independent contractors, and all other persons acting on behalf of each of them or any of them." This request is overbroad, unduly burdensome, harassing and oppressive to Defendants. Compliance with such a request would be extraordinarily difficult and costly to retrieve, review and produce. Subject to and without waiving these objections, Defendants will retrieve, review and produce the case files that DHS maintains for this particular individual. To the extent that a CPA maintains case files for this particular individual, Defendants will take reasonable steps to retrieve, review and produce those files to Plaintiffs.

**REQUEST NO. 3**: All documents relating to the named plaintiff Lisa J., including but not limited to case files and other records created or maintained by DHS and/or CPAs.

> **RESPONSE**: Subject to and without waiving Defendants' General Objections, Defendants object to this request because it seeks "all documents relating" to a particular individual that are in the Defendants' possession, custody, or control, "or in the possession, custody, or control of their attorneys, agents, employees, independent contractors, and all other persons acting on behalf of each of them or any of them." This request is overbroad, unduly burdensome, harassing and oppressive to Defendants. Compliance with such a request would be extraordinarily difficult and costly to retrieve, review and produce. Subject to and without waiving these objections, Defendants will retrieve, review and produce the case files that DHS maintains for this particular individual. To the extent that a CPA maintains case files for this particular individual, Defendants will take reasonable steps to retrieve, review and produce those files to Plaintiffs.

**REQUEST NO. 4**:   All documents relating to the named plaintiff Julia G., including but not limited to case files and other records created or maintained by DHS and/or CPAs.

>  **RESPONSE**: Subject to and without waiving Defendants' General Objections, Defendants object to this request because it seeks "all documents relating" to a particular individual that are in the Defendants' possession, custody, or control, "or in the possession, custody, or control of their attorneys, agents, employees, independent contractors, and all other persons acting on behalf of each of them or any of them." This request is overbroad, unduly burdensome, harassing and oppressive to Defendants. Compliance with such a request would be extraordinarily difficult and costly to retrieve, review and produce. Subject to and without waiving these objections, Defendants will retrieve, review and produce the case files that DHS maintains for this particular individual. To the extent that a CPA maintains case files for this particular individual, Defendants will take reasonable steps to retrieve, review and produce those files to Plaintiffs.

**REQUEST NO. 5**:   All documents relating to the named plaintiff Simon G., including but not limited to case files and other records created or maintained by DHS and/or CPAs.

>  **RESPONSE**: Subject to and without waiving Defendants' General Objections, Defendants object to this request because it seeks "all documents relating" to a particular individual that are in the Defendants' possession, custody, or control, "or in the possession, custody, or control of their attorneys, agents, employees, independent contractors, and all other persons acting on behalf of each of them or any of them." This request is overbroad, unduly burdensome, harassing and oppressive to Defendants. Compliance with such a request would be extraordinarily difficult and costly to retrieve, review and produce. Subject to and without waiving these objections, Defendants will retrieve, review and produce the case files that DHS maintains for this particular individual. To the extent that a CPA maintains case files for this particular individual, Defendants will take reasonable steps to retrieve, review and produce those files to Plaintiffs.

**REQUEST NO. 6**: All documents relating to the named plaintiff Courtney G., including but not limited to case file and other records created or maintained by DHS and/or CPAs.

**RESPONSE**: Subject to and without waiving Defendants' General Objections, Defendants object to this request because it seeks "all documents relating" to a particular individual that are in the Defendants' possession, custody, or control, "or in the possession, custody, or control of their attorneys, agents, employees, independent contractors, and all other persons acting on behalf of each of them or any of them." This request is overbroad, unduly burdensome, harassing and oppressive to Defendants. Compliance with such a request would be extraordinarily difficult and costly to retrieve, review and produce. Subject to and without waiving these objections, Defendants will retrieve, review and produce the case files that DHS maintains for this particular individual. To the extent that a CPA maintains case files for this particular individual, Defendants will take reasonable steps to retrieve, review and produce those files to Plaintiffs.

**REQUEST NO. 7**: For the period 2004 through the present, all case files in relation to children who died in foster care custody, whether in DHS-supervised or CPA-supervised foster placements, including but not limited to the following documents:

a) Each child's case file, both DHS and CPA;

b) DHS internal investigations files;

c) CPA internal investigations files; and

d) Licensing files for the foster parents and/or CPAs who were assigned to the care and supervision of the children at the time of their deaths.

**RESPONSE**: Subject to and without waiving Defendants' General Objections, Defendants will retrieve, review and produce the requested licensing, internal investigation and case files that DHS maintains for children who have died while in foster care custody in the State of Michigan since 2004. In addition, to the extent that a CPA maintains such

files for these children, Defendants will take reasonable steps to retrieve, review and produce those files to Plaintiffs.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

DATED: June 6, 2007

BY: *(signature)*
B. Jay Yelton, III
Brad H. Sysol
Attorneys for Defendants

KZLIB:544643.1\000000-00000