**EXHIBIT C**

**to**

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND FOR ENTRY OF CONFIDENTIALITY ORDER**

**Case No. 2:06-CV-13548**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DWAYNE B., by his next friend, John Stempfle;
CARMELA B., by her next friend, William Ladd;
LISA J., by her next friend, Teresa Kibby; and
JULIA, SIMON and COURTNEY G., by their next
Friend, William Ladd; for themselves and others
similarly situated,

      Plaintiff,

v.

JENNIFER GRANHOLM, in her official capacity
As Governor of the State of Michigan, MARIANNE
UDOW, in her official capacity as Director of the
Michigan Department of Human Services ("DHS");
LAURA CHAMPAGNE, in her official capacity as
Chief Deputy Director of DHS Operations; and
JAMES HENNESSEY, in his official capacity as
Deputy Director of DHS Children's Services,

      Defendants.

Case No. 2:06-cv-13548

Hon. Nancy G. Edmunds

**Class Action**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

## **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Jennifer Granholm, in

her official capacity as Governor of the State of Michigan, Marianne Udow, in her

official capacity as Director of the Michigan Department of Human Services ("DHS");

Laura Champagne, in her official capacity as Chief Deputy Director of DHS Operations;

and James Hennessey, in his official capacity as Deputy Director of DHS Children's

Services ("Defendants") hereby respond and object to Plaintiffs' Second Request for Production of Documents as follows:

## GENERAL RESPONSE & OBJECTIONS

1.      Defendants will produce documents in response to these Requests within the limitations and subject to the objections described below.  The fact that Defendants are willing to respond to any particular document request or produce any documents does not constitute an admission or acknowledgment that a request is proper, that the documents it seeks are relevant or admissible or are within the proper bounds of discovery, or that requests for similar documents will be treated in a similar fashion.

2.      Plaintiffs have failed to take reasonable steps to avoid imposing an undue burden on Defendants, as required by Federal Rule of Civil Procedure 26(b)(2).  For example, most of Plaintiffs' Requests seek information that is unreasonably duplicative and/or cumulative of discovery that Defendants have already agreed to provide Plaintiffs. Defendants have agreed to produce witnesses during the next several weeks in response to the 11 deposition notices that Plaintiffs' served pursuant to Federal Rule of Civil Procedure 30(b)(6).  Plaintiffs' 11 deposition notices require Defendants to prepare and produce witnesses that can provide adequate testimony on a total of 81 topics including but not limited to data collection and retention, alleged abuse in case, foster care payment rates and determination of care, organizational structure, budget, Michigan's performance improvement plan, licensing, recruitment, retention, staffing, caseloads, training, permanency planning, and service delivery.  If reasonable and particular documents relevant to these topics can be identified by Plaintiffs before, during or after these

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

depositions, Defendants will consider taking reasonable steps to locate and produce such documents to Plaintiffs on a timely basis. However, Plaintiffs' current Requests for any and all documents regarding these topics for a three and one-half year time frame are overbroad and unduly burdensome.

3.     Plaintiffs have failed to take reasonable steps to avoid imposing an undue burden on Defendants, as required by Federal Rule of Civil Procedure 26(b)(2), because many of Plaintiffs' Requests seek information that is obtainable from other sources that is more convenient, less burdensome, or less expensive. For example, information responsive to Plaintiffs' Requests is already publicly available from sources such as:

Children's Foster Care Manual
http://www.mfia.state.mi.us/olmweb/ex/cff/cff.pdf

Michigan Child Welfare Law Manual
http://www.michigan.gov/dhs/0,1607,7-124-5458_7700---,00.html

DHS Organizational Chart
http://www.michigan.gov/documents/DHS-Org-Chart_145051_7.pdf

Description of DHS Administered Programs
http://www.michigan.gov/documents/FIA-FIASum1_15556_7.pdf

List of County Offices and Directors' Names
http://www.mfia.state.mi.us/compositedir/report.asp

Office of Children and Adult Licensing – Child Placing Agency
http://www.state.mi.us/orr/emi/admincode.asp?AdminCode=Single&Admin_Num=4001
2101&Dpt=HS&RngHigh

Child Welfare Training Institute Courses and Schedules and Course Descriptions
http://www.michigan.gov/dhs/0,1607,7-124-5455_7337_7999---,00.html

Child Welfare Training Institute Job Aids – Foster Care
http://www.michigan.gov/dhs/0,1607,7-124-5455_7337_7997---,00.html

Contractor Resources
http://www.michigan.gov/dhs/0,1607,7-124-5455_7199---,00.htm

Foster Home Certification and Complaint Handling Training Schedule
http://www.michigan.gov/dhs/0,1607,7-124-5455_27716_27720-54304--,00.html

Foster Family Home Technical Assistance Manual
http://www.michigan.gov/documents/dhs/Foster_Family_Home_TA_Manual_183244_7.pdf

DHS Comments Regarding Pre-Service Training for Foster and Adoptive Parents
http://www.michigan.gov/dhs/0,1607,7-124-5452_7117-82878--,00.html

DHS Forms and Applications
http://www.michigan.gov/dhs/0,1607,7-124-5455_7338---,00.html

Report of the Interdepartmental Task Force on Service to At-Risk Youth Transitioning to Adulthood
http://www.michigan.gov/documents/dhs/DHS-Boilerplate-Sec552-4-PA147-2005_174148_7.pdf

Executive Directive 2007-13 Moratorium on Statewide Hiring, Creation of New Positions, Filling Vacant Positions, Transfers, and Promotions
http://www.michigan.gov/documents/Instructions_for_Creating_New_108699_7.pdf

Executive Directive 2007-18 - Moratorium on Personal Service Contracts and Use of Temporary Employees
http://www.michigan.gov/documents/budget/2-26-07_Executive_Directive_2007-2_188286_7.pdf

DHS Full Time Equated Positions Reports
Full-Time Equated (FTE) positions Nov. 2006 (Per Section 214(2) PA 345 of 2006)
Full-time Equated (FTE) Positions Jan. 2007 (Per Section 214(2) PA 345 of 2006)
Full-time Equated (FTE) Positions Mar. 2007 (Per Section 214(2) PA 345 of 2006)
Full-time Equated (FTE) Positions May 2007 (Per Section 214(2) PA 345 of 2006)

Child and Family Services Review Program Improvement Plan (2004-2006)
http://www.michigan.gov/dhs/0,1607,7-124-5452_7117_7164---,00.html

DHS Policy and Procedure Administrative Handbook – Records Management and Warehousing
http://www.mfia.state.mi.us/olmweb/ex/ahs/ahs.pdf

Families First Effectiveness Study
http://www.michigan.gov/dhs/0,1607,7-124-5458_7695_8366-21887--,00.html

Childrens Protective Services Manual
http://www.mfia.state.mi.us/olmweb/ex/cfp/cfp.pdf

Adoption Services Manual
http://www.mfia.state.mi.us/olmweb/ex/cfa/cfa.pdf

Foster Care/Agency Provider Payment Handbook
http://www.michigan.gov/documents/FIA-Pub843_16406_7.pdf

Adoption Subsidy Brochure
http://www.michigan.gov/documents/DHS-Pub538_132926_7.pdf

Assessment for Determination of Care for Children in Foster Care (age through 12)
http://www.michigan.gov/documents/0470_61288_7.pdf

Assessment for Determination of Care for Children in Foster care (ages 13+)
http://www.michigan.gov/documents/0470-A_61289_7.pdf

Assessment for Determination of Care for Medically Fragile Children in Foster Care
http://www.michigan.gov/documents/1DHS_1945_133057_7.pdf

Foster Care Payment Rates
http://www.mfia.state.mi.us/olmweb/ex/cff/905-3.pdf

Children's Foster Care Placement Types and Criteria
http://www.michigan.gov/dhs/0,1607,7-124-5452_7117_7658-14897--,00.html

Foster Care Payment Eligibility and Rates
http://www.michigan.gov/dhs/0,1607,7-124-5452_7117_7658-14898--,00.html

State of Michigan Comprehensive Annual Financial Reports
http://www.michigan.gov/budget/0,1607,7-157-13406_13419---,00.html

State of Michigan Executive Budgets by Year
http://www.michigan.gov/budget/0,1607,7-157-11460_18526---,00.html

Administration for Children & Families Programs and Funding
http://www.acf.hhs.gov/programs/cb/programs_fund/index.htm

State and Court Ward Funding Flowchart
http://www.michigan.gov/documents/dhs/DHS-State-and-Court-Ward-Funding-Flow-Chart_198132_7.pdf

Child Care Fund Statistics (FY 2002–2006)
http://www.michigan.gov/dhs/0,1607,7-124-5458_7696_14276---,00.html

Title XX Social Services Block Grant State Plan
http://www.michigan.gov/dhs/0,1607,7-124-5458_7695_8367---,00.html

DHS Allocations within Programs Budgeting Line-Items

http://www.michigan.gov/dhs/0,1607,7-124-5458_7695---,00.html

Agenda of the Finance and Claims Committee Approving Private Placing Agency Foster Care Contracts
www.michigan.gov/documents/unavailable_document_154249_7.pdf
www.michigan.gov/documents/unavailable_document_158413_7.pdf
www.michigan.gov/documents/doingbusiness/fc_agenda_183653_7.pdf

Internet Recruitment Brochure
http://www.michigan.gov/documents/DHS-PUB-0650_163756_7.pdf

Adopting a Child in Michigan Brochure
http://www.michigan.gov/documents/FIA-AdoptPub823_12982_7.pdf

Child Welfare Quality Assurance Unit Staff Directory
http://www.michigan.gov/dhs/0,1607,7-124-5452_7117_7164-102476--,00.html

Child Placing Agency License Application
http://www.michigan.gov/documents/dhs/DHS-OCAL-1051_198287_7.pdf

Licensing Rules for Child Caring Institutions
http://www.state.mi.us/orr/emi/admincode.asp?AdminCode=Single&Admin_Num=40004101&Dpt=HS&RngHigh=

Licensing Rules for Foster Family Homes and Foster Family Group Homes for Children
http://www.michigan.gov/documents/dhs/DHS-OCAL-PUB-0010_180374_7.pdf

Local Office Audits by Year (1998-2007)
http://www.michigan.gov/dhs/0,1607,7-124-5458_7697_9219---,00.html

4.      Plaintiffs have failed to take reasonable steps to avoid imposing an undue burden on Defendants, as required by Federal Rule of Civil Procedure 26(b)(2), because Plaintiffs' Requests instruct Defendants to identify, collect and produce any and all responsive documents that are in the "possession, custody or control of their attorneys, agents, employees, independent contractors, and all other persons acting on behalf of each of them or any of them." The application of this instruction to the Governor of the State of Michigan and the Department of Human Services is overbroad and unduly burdensome. For example, the Department of Human Services has in excess of 9,600 full

time employees and 100 offices throughout Michigan.  In addition, the Department of Human Services has contracts with at least 125 Child Placing Agencies to provide foster care placements and services to children in foster care custody.

For most of Plaintiffs' Requests, Defendants will conduct a reasonable search for responsive documents at the Department of Human Services' central office in Lansing, Michigan.  Upon the completion of these efforts, if Plaintiffs are able to identify particular and relevant information that was not available at the Department of Human Services' central office, but is likely to be available at one or more of the Department of Human Services' county offices and/or at one or more of its Child Placing Agencies, Defendants will consider taking reasonable steps to locate and produce such information to Plaintiffs.  For example, in response to Plaintiffs' previous discovery requests, Defendants have agreed to take reasonable steps to retrieve and provide for review the Child Placing Agencies' case files for hundreds of foster children.

5.      Plaintiffs have failed to take reasonable steps to avoid imposing an undue burden on Defendants, as required by Federal Rule of Civil Procedure 26(c)(2), because most of Plaintiffs' Requests seek information for a three to five year time period.  For example, it is unduly burdensome to request Defendants to identify and produce outdated organizational charts, job descriptions, policies, procedures, manuals, forms, evaluations, reports, aggregate data and projections.  Defendants will conduct a reasonable search for responsive documents that reflect operations at the Department of Human Services during the last year.  Upon the completion of these efforts, if Plaintiffs are able to identify particular and relevant documents that need to be produced for a greater period of time,

Defendants will consider taking reasonable steps to locate and produce such additional documents to Plaintiffs.

6.     Plaintiffs have failed to specify a "reasonable time," as required by Federal Rule of Civil Procedure 34(b), for Defendants to be able to comply with these overbroad unduly burdensome Requests.  Plaintiffs have indicated that they expect full compliance with these Requests within the next few weeks.  The Court's Scheduling Order provides a fact discovery cutoff of October 15, 2007.  It would be unduly burdensome, if not impossible, for Defendants to fully comply with these Requests within those time frames.

7.     Defendants also object to Plaintiffs' Requests to the extent that they seek the production of any document protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other privilege available under federal or state statutory, constitutional or common law. Certain documents may be produced in a form which indicates that information has been redacted on the grounds that the matter is (a) irrelevant to any claim or defense of any party to this litigation, (b) highly confidential and/or (c) protected by an applicable privilege and/or the work product doctrine.  The inadvertent production of a document that is privileged or constitutes work product shall not be deemed to waive the privilege or work product protection with respect to that document or any other document.

8.     Defendants object to Plaintiffs' Definitions that seek to impose upon Defendants any obligations or responsibilities in excess of those required by the Federal Rules of Civil Procedure and/or any other applicable law, including, without limitation, the local rules of the Eastern District of Michigan.  Defendants also object to Plaintiffs'

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Definitions in that some of them are vague, ambiguous and/or overbroad, including but not limited to their definition of "relating to", "regarding" and "Policy". Defendants also object to Plaintiffs' definition of "electronic data" which states that "all electronic data should be provided in native format, including metadata." Defendants propose to provide electronic data to Plaintiffs in tiff or pdf images with a load file into Summation or Concordance or other litigation support software specified by Plaintiffs.

9.   Defendants object to Plaintiffs' Instructions that seek to impose upon Defendants any obligations or responsibilities in excess of those required by the Federal Rules of Civil Procedure and/or any other applicable law, including, without limitation, the local rules of the Eastern District of Michigan. Defendants also object to Plaintiffs' Instructions in that many of them are overbroad, unduly burdensome and/or vague.

10.   Defendants expressly reserve their right to (a) object on any ground to the use of the documents that are produced in any step or proceeding in this action, (b) object on any ground to other discovery requests that involve or relate to the subject matter of these Requests, and (c) revise, correct, supplement or clarify any of the responses set forth herein at a later date. Defendants do not admit, adopt or acquiesce in any factual or legal contention, assertion or characterization that is contained in the Requests (or any particular request therein).

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1**:  All current organizational charts for DHS, including but not limited to state, regional, and county offices, and all listings of employees by job titles, job qualifications and job descriptions for each job title; the number of budgeted

employees for each job classification that is related to the protection and care of children in foster care custody; the names of persons who hold each title; the number of vacant positions for each job title; and the number of .positions for which the employee is on extended leave.

> **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:
>
> - DHS Organizational Chart
> - Description of DHS Administered Programs
> - County Composite Directory
> - DHS Full-Time Equated Positions by Type of Staff
> - Michigan Department of Civil Service Job Specifications
>   - Services Specialist
>   - Social Work Specialist Manager
>   - Social Services Division Administrator
>   - Services Program Manager
>   - Social Services Licensing Manager
>   - Social Services Administrative Manager
>   - Indian Outreach worker
>   - Youth Group Leader
>   - Youth Specialist Supervisor
>   - Youth Specialist
>   - Youth Residential Director
>   - Youth Aide

> Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 2**: All documents that reflect, list, or otherwise identify the chain of command and the flow and scope of responsibilities, job duties, and accountability between and among DHS state offices and the regional and county offices responsible for children in foster care custody.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- DHS Organizational Chart

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 3**: All documents that reflect, list, or otherwise identify the names and geographical areas covered by each of the DHS regional and county offices and the names, responsibilities, and job duties of the directors of each of the regional and county offices.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- County Composite Directory
- DHS Organizational Chart
- Map for DHS County Office Information

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 4**: All written policies, procedures, and manuals, including but not limited to all directives interpreting these policies, procedure, and manuals, in effect as of January 2004 or thereafter, including regional or county variations, that relate to the provision of services to children in foster care custody, including but not limited to policies and procedures regarding the following topics:

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

a.      Entry of children into foster care custody;

b.      Assessing the needs of children in foster care custody;

c.      Selecting placements for children in foster care custody;

d.      Placing children in foster care custody with relatives, or kinship care;

e.      Placing children in foster care custody with CPAs;

f.      Licensing of foster care settings, including but not limited to the policy and procedure manual of the Michigan DHS Office of Children and Adult Licensing ("OCAL");

g.      Placing children in foster care custody in settings that have not been licensed by DHS;

h.      Supervising, monitoring, and evaluating foster care settings, including but not limited to foster homes, kinship care, state-run group homes and therapeutic care facilities, and CPAs;

i.      Providing case management services, including the provision of health, mental health, and educational services to children in foster care custody;

j.      Quality Assurance;

k.      Reporting, receiving, memorializing, screening, and processing reports of abuse or neglect of children in foster care custody;

l.      Investigating, evidencing, and/or substantiating reports of abuse and neglect of children in foster care custody;

m.      Selecting a permanency goal (e.g. reunification, adoption, permanent relative placement, long term foster care, guardianship);

n.      Legally freeing children for adoption;

o.      Placing children in foster cam custody in adoptive homes;

p.      The provision of independent living services to children in foster care custody;

q.      Implementing the "Family to Family" initiative; or

-12-

r.  Monitoring compliance with all state and federal laws, rules, regulations, and policies governing the provision of child welfare services to children in foster care custody.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual
- Michigan Child Welfare Law Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 5**:  In the Major Counties, any and all county-promulgated policies and procedures regarding children in foster care custody.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 6**:  All documents, including but not limited to documents setting forth and/or discussing Defendants' policies, practices, and procedures, regarding pre-service and in-service training for DHS foster care and adoption caseworkers, supervisors, and purchase-of-service ("POS") caseworkers who oversee CPAs that provide services to children in foster care custody, including but not limited to training programs, training requirements, documentation of the satisfaction of training requirements and any efforts to evaluate the provision of such training.

-13-

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Licensing Rules for Child Placing Agencies
- Job Aids - Foster Care
    - Eligibility Requirements for Title IV-E Funding
    - Core Values
    - Education and Training Voucher Fact Sheet
    - How Often Should I Visit?
    - Interstate Compact
    - Overview of Child Placement
    - Pre-Ten Waivers
    - Sample Safety Contract
    - SDM Permanency Planning
    - The Court Process
    - Typical Child Development
- Foster Home Certification and Complaint Handling Training Schedule
- Foster Family Home Technical Assistance Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 7**:  All documents relating to the amount, scope, and nature of training required by DHS to be provided to staff of CPAs and the process by which compliance with these trainings is ensured and measured.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Child Welfare Training Institute Course Descriptions
    - CI 110 CPS Children's Protective Services New Worker Institute
    - CI 111 DHS Foster Care New Worker Institute

- o CI 111 Private Agency Foster Care New Worker institute
- o CW210 Children's Protective Services PSTT
- o CW212 Juvenile Justice PSTT
- Child Welfare Training Institute Schedules
  - o 2007 Adoption Institute Schedule
  - o 2007 CWI Advanced Training
  - o 2007 CEI Institute Dates
  - o 2007 Children's Foster Care PSTT Schedule – DHS
  - o 2007 Children's Protective Services PSTT
  - o 2007 Juvenile Justice PSTT

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 8**:   All documents relating to the collection, maintenance, tracking, and generation of data and documentation concerning the provision of pre-service and in-service training to DHS foster care and adoption caseworkers, supervisors, POS caseworkers, foster parents, and CPAs, who provide services to children in foster care custody.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual
- Foster Family Home Technical Assistance Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 9**:  All pre-printed forms, standard instruments, or electronic templates used to request, evaluate, and authorize the provision of services to children in foster care custody, including all structured decision-making tools.

      **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual
- DHS Forms & Applications – Foster Care
  - Assessment for Determination of Care for Children in Foster Care Ages 0-12
  - Assessment for Determination of Care for Children in Foster Care Ages 13+
  - Local DHS Office Review and Recommendation Specialized Care Request
  - Private Child Placing Agency Specialized Care Request
  - Regional Review Team Form
  - Assessment for Determination of Care for Medically Fragile Children in Foster Care
  - Clothing Inventory Checklist
- Forms & Publications Manual

      Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 10**:  All evaluations, reports, and/or aggregate data relating to the provision of services to children in foster care custody on a systemic basis, including but not limited to the performance of DHS and CPAs in meeting the following needs of children in foster care custody:

a.     Physical health;

b.     Dental health;

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

c.    Mental health, including but not limited to psychiatric/psychological disorders, behavioral issues, and neurological disabilities;

d.    Developmental needs; and

e.    Educational needs, including but not limited to appropriate special educational services and access to a high school degree rather than a GED.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- Michigan Foster Care Review Board Annual Report 2006
- Michigan Foster Care Review Board Annual Report 2005
- Michigan Foster Care Review Board Annual Report 2004
- U.S. Department of Health & Human Services Administration for Children & Families Child and Family Service Review - 2002
- Report on Transitioning Foster Children into Adulthood
- Michigan Court Improvement Program Reassessment
- Michigan Program Improvement Plan

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 11**:   All documents reflecting aggregate data or statistical information regarding the rate at which requests for authorization of services from CPAs are approved by DHS.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 12**:  All evaluations, reports, and/or aggregate data relating to the provision of independent living services to children in foster care custody, including but not limited to the process for providing such services, the nature and scope of such services available, and the extent to which children in foster care custody receive such services.

    **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

    Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 13**:  All documents regarding the policies and procedures governing the provision of Medicaid cards to children in foster care custody and the transfer of cards when children are moved to new placements.

    **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

    Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 14**: All documents regarding the process by which foster parents and/or other caretakers are provided with medical information about a child in foster care custody upon a child's initial placement in their care and thereafter, including but not limited to documents related to DHS's implementation of MCL § 722.954c(2) and(5) which requires the provision of a medical exam and development of a medical passport for each child in foster care custody.

      **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual
- DHS Medical Passport
- Forms & Publications Manual

      Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 15**:  All evaluations, reports, and/or aggregate data concerning caseloads of personnel employed by public and private entities to provide case planning, case management, and service delivery to children in foster care custody, including but not limited to foster are and adoption caseworkers, supervisors, and POS caseworkers.

      **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 16**:  All documents defining the roles and responsibilities of personnel employed by public and private entities to provide case planning, case management, and service delivery to children in foster care custody, including but not limited to documents delineating roles and responsibilities between and among foster care and adoption caseworkers, supervisors, POS caseworkers, and CPA personnel.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 17**:  All documents regarding the recruitment, hiring processes, qualifications, and standards for personnel employed by public and private entities to provide case planning, case management, and service delivery to children in foster care custody, including but not limited to foster care and adoption caseworkers, supervisors, and POS caseworkers.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- DHS Office of Children and Adult Licensing Administrative Code - Child Placing Agencies

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 18**:  All evaluations, reports and/or aggregate data, statewide and for the Major Counties, regarding staffing cutbacks, full time equivalent ("FTE") classifications, hiring freezes, or temporary assignments affecting the caseloads of personnel employed by public and private entities to provide case planning, case management, and service delivery to children in foster care custody, including but not limited to foster care and adoption caseworkers, supervisors, and POS caseworkers, for the period January 2004 through the present.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Executive Directive 2007-13 Moratorium on Statewide Hiring, Creation of New Positions, Filling Vacant Positions, Transfers, and Promotions
- Executive Directive 2007-18 - Moratorium on Personal Service Contracts and Use of Temporary Employees
- DHS Full Time Equated Positions Reports
    - November 2006
    - January 2007
    - March 2007
    - May 2007

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 19**:  All evaluations, reports, and/or aggregate data, statewide and for the Major Counties, which reflect turnover and vacancy rates for personnel employed to provide case planning, case management, and service delivery to children in

foster care custody, including but not limited to foster care and adoption caseworkers, supervisors, and POS caseworkers.

 **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 20**: All evaluations, reports, and/or aggregate data reflecting the number of foster care, adoption, and POS caseworkers assigned to each supervisor, by region and/or county, from January 2004 to the present.

 **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 21**: All documents relating to the preparation and execution of Michigan's Program Improvement Plan with HHS dated May 24, 2004 ("PIP"), including but not limited to all PIP drafts and documents modifying the PIP.

 **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- Child and Family Services Review Program Improvement Plan (2004-2006)

 Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

-22-

**REQUEST NO. 22**:  All documents regarding the implementation of the PIP, including but not limited to documents concerning the extent of progress being made to implement each action step including any and all quarterly and annual reports submitted to ACF.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:
>
> - Fourth Quarter Report for July 2005
>
> Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 23**:  All aggregate performance data regarding the PIP, including but not limited to aggregate data regarding each item, outcome, and national data standard (including but not limited to regional or county case records reviews or qualitative services reviews conducted by DHS for purposes of PIP implementation and assessment).

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 24**:  All documents reflecting communications and coordination between and among DHS and HHS regarding the PIP.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 25**:  All policies and procedures regarding the retention and/or destruction (by DHS and CPAs) of any child welfare or foster care document and/or data recorded in either paper or electronic form.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual
- DHS Policy and Procedure Administrative Handbook – Records Management and Warehousing

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 26**:  All documents identifying the electronic databases utilized by DHS at any time from 2004 through the present to maintain any and all information regarding children in foster care custody, including but not limited to the Michigan Services Worker Support System ("SWSS") and Computer Placement Network ("CPN"). This request includes a) information relating to the location and contents of all data, b) sample entries and forms of all database fields, c) manuals or other documents regarding databases and the information they contain, and d) the tools used to generate the databases.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 27**: All documents that reflect, list, or otherwise identify the data elements currently capable of being input into the databases identified in No. 26, including but not limited to:

a.      Any record layout, data dictionary, or other document that identifies or describes the records or fields in any file or table in these databases;

b.      Any coding sheets, code books, or other documents used to interpret or explain codes or abbreviated entries in these databases;

c.      Hard-copy printouts of any look-up tables on these databases that explain coded or abbreviated entries;

d.      Any manual, guidebooks, or instructions describing these databases; and

e.      Any operator manual or data entry manual for these databases, or any other documents that describe or show the screens displayed when using these databases or when entering information into the databases.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 28**: All documents that reflect, list, or otherwise identify all types of reports, including but not limited to regular and ad hoc management reports, that the databases identified in No. 26 are capable of generating to track, monitor, or analyze

any aspect of the foster care system statewide and/or broken down by county, including but not limited to:

a.   Aggregate reports detailing county, regional, and state data totals;

b.   Reports provided to DHS county, regional, and state management regarding child welfare performance;

c.   Monthly and quarterly reports generated for purposes of corrective action and system evaluation, including but not limited to reports concerning monthly contacts by caseworkers with foster children and the provision of health care to foster children;

d.   Reports that identify children who have been in DHS custody for 15 out of the last 22 months; and

e.   Reports reflecting the number of abuse and neglect investigations that have been undertaken, including any reports that identify the number of investigations of child victims of abuse and neglect while in DHS custody.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 29**:  All documents regarding DHS and/or CPA requirements concerning the contents of case files of individual children in foster care custody.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

**REQUEST NO. 30**:  All documents regarding regional and/or county variations in policy, procedure, or practice regarding Nos. 27 through 29 above.

      **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 31**:  Documents regarding efforts made to ensure the accuracy, currency, integrity and security of data maintained by DHS and CPAs.

      **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 32**:   Any documents, written, prepared, or distributed from January 2004 to the present (including e-mails) that describe DHS's e-mail system and network, including but not limited to (a) any documents that describe a system for preserving or backing up copies of e-mails on a network server or by some other means; (b) any documents that describe a system or method for retrieving c-mails that have been deleted from users' individual computers; and (c) any documents that describe a system or method for retrieving e-mails from a network server or from some other source.

      **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

**REQUEST NO. 33**:  All documents regarding the policies and procedures by which case plans and permanency planning goals for children in foster care custody are prepared, revised, updated, and implemented.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 34**:  All documents regarding the policies and procedures by which DHS takes steps to ensure that dispositional and periodic judicial proceedings on behalf of children in foster care custody occur on a timely basis, and by which DHS ensures all available information is gathered and presented for and during such proceedings.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

-28-

**REQUEST NO. 35**:  All documents regarding the policies and procedures by which DHS takes steps towards reunifying children in foster care custody with their biological families when such action is appropriate and the policies and procedures regarding trial reunification and post-reunification services.

 **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual
- Michigan Families First Effectiveness Study

 Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 36**:  All documents regarding the policies and procedures by which DHS prepares and files petitions to terminate parental rights when such action is appropriate and the decision-making processes underlying determinations that termination of parental rights should be pursued.

 **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual
- Children's Protective Services Manual
- Michigan Child Welfare Law Manual

 Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 37**:  All documents regarding the policies and procedures by which DHS places foster children in adoptive homes, including but not limited to the identification and recruitment of adoptive homes, the process of working with children to prepare them for adoption, the process to finalize an adoption, and the responsibilities of adoption caseworkers.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual
- Adoption Services Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 38**:  All documents regarding the policies and procedures governing the placement of children in foster care custody in unlicensed homes or facilities, including but not limited to the placement of children in kinship care.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 39**:  In the Major Counties, any and all documents regarding policies and procedures indicating points in a child's placement episode that Family Team Decision Making Meetings are to occur and all evaluations, reports, and/or aggregate data indicating the rate at which the counties are meeting policy and practice guidelines.

>**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:
>
>- Children's Foster Care Manual
>
>Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 40**:  All evaluations, reports, and/or aggregate data reflecting services provided to children in foster care custody and their families to achieve permanency planning goals, including but not limited to goals other than adoption.

>**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 41**:  All evaluations, reports, and/or aggregate data reflecting the number of children in foster care custody who have been in foster care for 15 of the last 22 months but who have not had a petition to terminate parental rights filed, including the numbers broken down by region and/or county.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 42**: All evaluations, reports, and/or aggregate data reflecting the number of children in foster care custody who have had their parental rights terminated but remained in foster care without an identified adoptive match, including the numbers broken down by county.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- U.S. Department of Health & Human Services Administration for Children & Families Adoption Data 2005 – Time Between TPR & Finalization

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 43**: All evaluations, reports, and/or aggregate data reflecting the number of adoptions of children in foster care custody that have been finalized, including the numbers broken down by county.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 44**: All evaluations, reports, and/or aggregate data reflecting the number of placement moves experienced by children in foster care custody.

> **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 45**: All documents relating to children in foster care custody who are in detention placements for reasons other than a delinquency determination, as well as the identity and location of documents and/or computer records concerning same.

> **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 46**: All documents, including but not limited to all evaluations, reports, and/or aggregate data utilized to set the foster care maintenance payments, enhanced payment rates, clothing allowances and any other monetary support paid to foster parents approved by DHS, and the applicable process and procedures used to determine these payments, rates, clothing allowances, and other monetary support.

> **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:
>
> - Children's Foster Care Manual
> - Foster Care / Agency Provider Payment Handbook
> - Adoption Subsidy Brochure

- Assessment for Determination of Care for Children in Foster Care (Age 0-12)
- Assessment for Determination of Care for Children in Foster Care (Age 13+)
- Assessment for Determination of Care for Medically Fragile Children in Foster Care

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 47**: All documents, including but not limited to all evaluations, reports, and/or aggregate data utilized to set the foster care maintenance payments, administrative fees, enhanced payment rates, clothing allowances and any other monetary support paid to CPAs to provide placements for children in foster care custody, and the applicable process and procedures used to determine these payments, rates, clothing allowances, and other monetary support.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 48**: All documents regarding the policies and procedures governing the financial support available and/or provided to licensed and/or unlicensed kinship providers.

-34-

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 49**:   All documents regarding the policies and procedures governing the financial support available and/or provided to unlicensed providers who provide care to wards of the Michigan Children's Institute ("MCI").

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 50**:   All documents regarding the policies and procedures in Major Counties concerning the eligibility of unlicensed kin providers to receive foster care maintenance payments.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 51**:   All documents regarding the collection, maintenance, tracking, and generation of data and documentation since 2004 concerning the foster care maintenance payments, per diem rates, clothing allowances, and other monetary support provided to: (a) foster parents approved by DHS; (b) CPAs; and (c) foster parents approved by CPAs.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 52**:  All documents regarding the process and procedures used to determine the appropriate level of care for children in foster care custody, and the payment rates associated with each "difficulty of care" ("DOC") level.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual
- Children's Placement Types and Payment Criteria

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 53**: All evaluations, reports, and/or aggregate data reflecting the number of children in foster care custody at each DOC level for the period 2004 through the present.

RESPONSE: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 54**: All evaluations, reports, and/or aggregate data reflecting the number of children for which CPAS receive basic, specialized, and therapeutic rates for the period 2004 through the present.

RESPONSE: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 55**: Full and complete copies of DHS appropriations as passed by the State Assembly and enacted by the Governor for the years 2002 to the present, including any and all supplemental appropriations and budget revisions.

RESPONSE: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

- State of Michigan Comprehensive Annual Financial Reports
    - 2005-2006
    - 2004-2005
    - 2003-2004
    - 2002-2003
- State of Michigan Executive Budgets
    - FY07
    - FY06
    - FY05
    - FY04
    - FY03
    - FY02

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 56**: All documents reflecting DHS child welfare and foster care budgets, projections, allocations, and spending for the fiscal year 2004 through the present, including, but not limited to: (a) state general funding to DHS ("State Funding"); (b) county funding to DHS through the Child Care Fund or other sources ("County Funding"); and (c) federal funding of any kind, including but not limited to Social Security Act funding (including federal Title IV-E funding and/or Chafee Foster Care Independence Program), Social Services Block Grant ("SSBG" or Title XX), and/or TANF Block Grant, for purposes of DHS child welfare programs ('Federal Funding").

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- Monthly Assistance Payments Statistics
- Monthly Report on Foster Care Under the Family Division of the Circuit Court

- State and Court Ward Funding Flowchart
- Child Care Fund Statistics
- Title XX Social Services Block Grant State Plan
- DHS Allocations with Programs Budgeting Line Items

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 57**: As to Federal Funding for each of the fiscal years 2004 through the present, all documents regarding Tide IV-E reimbursements in the aggregate, including but not limited to the aggregate number of instances in which Title IV-E funding was impaired, permanently or temporarily, due to (a) the placement of otherwise Title IV-E eligible children into foster care homes or facilities not meeting federal eligibility criteria (b) lapsed legal custody orders; (c) untimely annual permanency hearings; (d) the failure by DHS to obtain an initial court order providing that removal was "in the best interests" of the foster child; (e) the failure to obtain a court order within 60 days of removal providing that "best efforts were used to avoid the need for removal" by DHS; and/or (f) failure to hold annual permanency hearings.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 58**: All evaluations, reports, and/or aggregate data reflecting the total number of foster children in DHS custody and/or under DHS supervision and care for each of the fiscal years 2004 through the present and, for each such year, the subset of

these foster children (a) determined to be eligible for Title IV-E funds, and (b) designated and submitted as Title IV-E eligible to HHS for purposes of federal matching funds, as well as the identity and location of documents and/or computer records concerning same.

  **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

  **REQUEST NO. 59**: All evaluations, reports, and/or aggregate data reflecting the amounts (and federal matching fund rates) of State Automated Child Welfare Information Systems ("SACWIS") Title IV-E funds secured by Michigan at any time from 2004 through the present, as well as the identity and location of documents and/or computer records concerning same.

  **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

  **REQUEST NO. 60**: All documents concerning or reflecting federal Title IV-E penetration rates in the state of Michigan for fiscal years 2000 through the present.

  **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

**REQUEST NO. 61**:   All documents regarding the process and procedures by which DHS applies for and collects reimbursement for children in foster care custody from the federal government pursuant to Title IV-E of the Social Security Act.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 62**:  All documents regarding any state and federal audits or reviews of DHS fiscal practices related to funding of child welfare programs, including, but not limited to, internal and external documents prepared by federal, state, and private third-parties.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 63**:   All documents regarding the organizational structure, staffing, and responsibilities of any units or divisions of DHS responsible for recruiting, developing, and retaining family foster home and adoptive home placements.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 64**:   All documents regarding the processes used to recruit, develop, and retain family foster home and adoptive home placements for children in foster care custody, and the resources devoted to these processes since January 2004.

      **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Internet Recruitment Brochure
- Adopting a Child in Michigan Brochure

      Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents that are responsive to this Request.

**REQUEST NO. 65**:  All evaluations, reports, and/or aggregate data assessing the number and types of family foster home and adoptive home placements needed to meet the needs of children in foster care custody currently and since January 2004, including but not limited to family foster homes, group homes, residential treatment centers, shelters, therapeutic homes, and other institutional placement settings; and documents regarding the process used to determine this need.

      **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 66**:  All evaluations, reports, and/or aggregate data assessing the number and types of placements available for children in foster care custody currently and since January 2004, including but not limited to family foster homes, group homes, residential treatment centers, shelters, therapeutic homes, and other institutional placement settings.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 67**:  For the period 2004 through the present, all documents regarding the collection, maintenance, tracking, and generation of data and documentation concerning the recruitment, development, and availability of family foster home and adoptive home placements for children in foster care custody.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 68**:  All documents that reflect, list, or otherwise identify the individuals, units, or divisions within DHS responsible for the evaluation, licensing, and re-licensing of foster care placements, including but not limited to OCAL.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Child Welfare Quality Assurance Unit Staff Directory

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 69**:  All documents regarding the process by which the units or divisions identified in No. 68 evaluate, license, and re-license foster care placements, including follow-up measures taken to ensure compliance after initial licensure.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Foster Family Home Technical Assistance Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 70**:  All documents regarding the process by which foster care placements of CPAs are evaluated, licensed, and re-licensed.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Foster Family Home Technical Assistance Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 71**:   All documents regarding the process by which DHS oversees the evaluation and licensure of CPA foster care placements, including but not limited to documents regarding follow-up measures taken to ensure compliance after initial licensure.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 72**:   All documents regarding the process by which DHS supervises, monitors, and evaluates unlicensed foster care settings, including but not limited to relative or kinship foster homes.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 73**:   All documents regarding the process by which DHS investigates licensing violations.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 74**: For the period January 2004 through the present, all evaluations, reports, and/or aggregate data reflecting the number of children in foster care custody who were placed in unlicensed foster care placements.

      **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 75**: For the period January 2004 through the present, all evaluations, reports, and/or aggregate data reflecting (1) the number of children in foster care custody who were placed in foster care placements with lapsed licenses and (2) the number of placements with lapsed licenses awaiting re-licensure authorization.

      **RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 76**: All documents regarding DHS policies, practices, procedures, and forms concerning the following:

    a.    The reporting and investigation of alleged abuse, neglect, corporal punishment, improper restraints, or other maltreatment of children in foster care custody;

    b.    Injuries and/or deaths of children while in foster care custody and the investigation of same; and

    c.    Remedial actions, if any, after investigations of alleged abuse, neglect, corporal punishment, improper restraints, or other maltreatment of children

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

in foster care custody, and responsibility for follow-up on any remedial actions taken.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual
- Children's Protective Services Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 77**: All documents regarding child maltreatment reports, child abuse and neglect investigations, critical incident reports, child fatality reports, and/or special reviews regarding the abuse or neglect of children in foster care custody who reside in unlicensed facilities and/or kinship homes.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 78**: All documents regarding DHS policies, practices, and procedures concerning the creation and maintenance of files and records on individual children who are the subject of an allegation of abuse, neglect, corporal punishment, improper restraints, or other maltreatment while in foster care custody.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to

the discovery of admissible evidence.  Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Foster Care Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 79**:  All documents that reflect, list, or otherwise identify the structure, organization, and responsibilities of the unit, if any, within DHS responsible for responding to allegations of abuse, neglect, corporal punishment, improper restraints, or other maltreatment of children in foster care custody.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.   Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 80**:  All documents that reflect, list, or otherwise identify the job descriptions and minimum qualifications for the position of the employees who carry out investigations of allegations of abuse, neglect, corporal punishment, improper restraints, or other maltreatment of children in foster care custody.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents that are responsive to this Request.

**REQUEST NO. 81**:  All documents reflecting the identity and qualifications of the individuals currently employed to carry out investigations of allegations of abuse, neglect, corporal punishment, improper restraints, or other maltreatment of children in foster care custody.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 82**:  All documents, including all evaluations, reports, and/or aggregate data, reflecting the number of FTE positions allocated to the task of investigating allegations of abuse, neglect, corporal punishment, improper restraints, or other maltreatment of children in foster care custody, and the number of these FTE positions filled, for the period January 2004 through the present.

> **RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.  Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 83**:  All evaluations, reports, and/or aggregate data regarding DHS sources and scope of aggregate data concerning the following:

    a.      Allegations of abuse, neglect, corporal punishment, improper restraints, or other maltreatment of foster children in foster care custody;

b.     The percentage of all substantiated instances of abuse that occurred in unlicensed placements versus licensed placements, including but not limited to relative placements, from 2004 to the present;

c.     Injuries and/or deaths of foster children in foster care custody;

d.     Length of time involved in investigations into allegations of abuse, neglect, corporal punishment, improper restraints, or other maltreatment of children in foster care custody;

e.     Findings of investigations into allegations of abuse, neglect, corporal punishment, improper restraints, or other maltreatment of children in foster care custody; and

f.     Remedial actions, if any, after investigations of alleged abuse, neglect, corporal punishment, improper restraints, or other maltreatment of children in foster care custody.

**RESPONSE**:  Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence.    Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 84**:  All documents regarding the minimally expected contents of files and records of reports and investigations in which allegations were substantiated in each of the following categories:

a.     Abuse of individual children in foster care custody;

b.     Neglect of individual children in foster care custody;

c.     Corporal punishment of individual children in foster care custody;

d.     Improper restraints of individual children in foster care custody;

e.     Injuries to individual children in foster care custody; and

f.     Deaths of individual children in foster care custody.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- Children's Protective Services Manual

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

**REQUEST NO. 85**: All documents regarding any and all reports, studies, inspections, audits, and/or analyses of the child welfare performance of DHS, or any division of DHS, including but not limited to any such documents generated by the State Auditor, state Senate or House Committees or Task Forces, Gubernatorial Task Forces or Commissions, private consultants, or other child welfare professionals, and any responsive documents prepared by DHS thereto.

**RESPONSE**: Defendants object to this Request to the extent that it is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Without waiving any of Defendants' objections, Defendants will produce the following:

- Michigan Foster Care Review Board Annual Report 2006
- Michigan Foster Care Review Board Annual Report 2005
- Michigan Foster Care Review Board Annual Report 2004
- U.S. Department of Health & Human Services Administration for Children & Families Child and Family Service Review - 2002
- Report on Transitioning Foster Children into Adulthood
- Michigan Court Improvement Program Reassessment
- Michigan Program Improvement Plan
- DHS Local Office Audits

Subject to and defined by Defendants' General Response and Objections, Defendants will take reasonable steps to produce additional documents and/or deposition testimony that are responsive to this Request.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

DATED:  June 22, 2007          BY: _____

B. Jay Yelton, III
Brad H. Sysol
Attorneys for Defendants

KZLIB:546244.1\060531-00069

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.