# EXHIBIT F

## to

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND FOR ENTRY OF CONFIDENTIALITY ORDER

## Case No. 2:06-CV-13548

The following opinion is presented on-line for informational use only and does not replace the official version. (Mich Dept of Attorney General Web Site - www.ag.state.mi.us)

STATE OF MICHIGAN

## FRANK J. KELLEY, ATTORNEY GENERAL

Opinion No. 5297

April 28, 1978

CHILD PROTECTION LAW:

'Reporting person'

Central Registry

RECORDS & RECORDATION:

Confidentiality of records under Chird Protection Law

WORDS & PHRASES:

'Reporting person'

Reporting persons under the Child Protection Law are the persons who make a referral to the Department of Social Services as described in section 3(1) which enumerates members of certain professions and occupations. The term also includes persons who are not members of these professions and occupations but who report incidents of child abuse or neglect to the department or to a law enforcement agency although not required to do so.

The identity of a 'reporting person' is confidential.

The confidentiality of records in the central registry applies to all written reports, documents or photographs filed with the department.

Inaccurate or unsubstantiated material contained in the central registry shall be amended or expunged; duplicates of this material must also be amended or expunged.

A finding by a court of competent jurisdiction that there was no neglect or abuse raises a presumption that a report or record of neglect or abuse was not substantiated.

Dr. John T. Dempsey

Director

Department of Social Services

300 South Capitol Avenue

Lansing, Michigan 48926

I am in receipt of your request for my opinion concerning certain provisions of the Child Protection Law, 1975 PA 238, MCLA 722.621 et seq; MSA 25.248(1) et seq.

The specific portions of the act with which you are concerned are sections 3, 4, the first sentence of section 5 and sections 7(1) and (2) which state:

'Sec. 3. (1) A physician, coroner, dentist, medical examiner, nurse, audiologist, certified social worker, social worker, social work technician, school administrator, school counselor or teacher, law enforcement officer, or duly regulated child care provider who has reasonable cause to suspect child abuse or neglect immediately, by telephone or otherwise, shall make an oral report, or cause an oral report to be made, of the suspected child abuse or neglect to the department. Within 72 hours the reporting person shall file a written report as required in this act. If the reporting person is a member of a hospital, agency, or school staff, he shall notify the person in charge thereof of his finding, that the report has been made, and make a copy of the written report a vailable to the person in charge. One report from a hospital, agency, or school shall be deemed adequate to meet the reporting requirement.

'(2) The written report shall contain the name of the child and a description of the abuse or neglect. If possible, the report shall contain the names and addresses of the child's parents, the child's guardian, or the persons with whom the child resides, and the child's age. The report shall contain other information available to the reporting person which might establish the cause of abuse or neglect and the manner in which it occurred.

'(3) The department shall inform the reporting person of the required contents of the written report at the time the oral report is made.

'(4) The written report required in this section shall be mailed to the county department of social services of the county in which the child suspected of being abused or neglected is found.

'(5) Upon receipt of a written report of suspected child abuse or neglect, the department may provide copies to the prosecuting attorney and the probate court of the counties where the child suspected of being abused or neglected resides and is found.'

'Sec. 4. In addition to those persons required to report child abuse or neglect under section 3, any person, including a child, who has reasonable cause to suspect child abuse or neglect may report the matter to the department or law enforcement agency as indicated in section 2.'

'Sec. 5. The identity of a reporting person shall be confidential subject to disclosure only with the consent of that person or by judicial process. . . .'

'Sec. 7. (1) The department shall maintain a central registry system to carry out the intent of this act. Written reports, documents, or photographs filed with the department pursuant to this act shall be confidential records available only to:

'(a) A legally mandated public or private child protective agency investigating a report of known or suspected child abuse or neglect.

'(b) A police or other law enforcement agency investigating a report of known or suspected child abuse or neglect.

'(c) A physician who has before him a child whom the physician reasonably suspects may be abused or neglected.

'(d) A person legally authorized to place a child in protective custody when the person has before him a child whom the person reasonably suspects may be abused or neglected and the information is necessary to determine whether to place the child in protective custody.

'(e) An agency having the legal responsibility or authorization to care for, treat, or supervise a child who is the subject of a report or record, or a parent, guardian, or other person who is responsible for the child's welfare.

'(f) A person named in the report or record, if the identity of the reporting person is protected pursuant to section 5.

'(g) A court which determines the information is necessary to decide an issue before the court.

'(h) A grand jury which determines the information is necessary in the conduct of its official business.

'(i) A person engaged in a bona fide research purpose. Information identifying a person named in the report shall not be made available to the research applicant unless the department has obtained that person's written consent. A research applicant shall not conduct a personal interview with a family without their prior consent and shall not disclose information which would identify the child or the child's family or other identifying information.

'(2) A person who is the subject of a report made pursuant to this act may request the director of the department to amend or expunge an inaccurate or unsubstantiated report or record from the central registry. If the director refuses the request or fails to act within 30 days after receiving the request, the person shall be granted a hearing to determine whether the report or record should be amended or expunged on the grounds that it is inaccurate or is being maintained in a manner inconsistent with this act. The hearing shall be before a hearing officer appointed by the director and shall be conducted pursuant to Act No. 306 of the Public Acts of 1969, as amended, being sections 24.201 to 24.315 of the Michigan Compiled Laws. A finding by a court of competent jurisdiction of child abuse or neglect shall be presumptive evidence that the report or record was substantiated. If the investigation of a report conducted pursuant to this act fails to disclose credible evidence of abuse or neglect, the information identifying the subject of the report shall be expunged from the central registry. If credible evidence of abuse or neglect exists, the information identifying the subject of the report shall be expunged when the child alleged to be abused or neglected reaches the age of 18, or 10 years after the report is received, whichever occurs later.'

Your questions are:

(1) Who is intended to be the 'reporting person'?

(2) Does the confidentiality of records apply to the central registry only or does it also apply to all written reports, documents or photographs filed with the department?

(3) Does expungement apply only to the central listing of abuse and neglect cases and central office files or does it apply to all departmental child abuse records?

(4) If a court does not find neglect or abuse, is this a presumption that there is no credible evidence of neglect or abuse?

Your questions will be answered seriatim:

(1) Who is intended to be the 'reporting person'?

The 'reporting person' under this act is the person or persons identified in 1975 PA 238, Sec. 3(1), supra, who make the referral to the Department of Social Services. These persons are described in section 3(1) which enumerates certain professions and occupations the members of which are required to file a report based upon reasonable cause to suspect that child abuse or neglect has occurred.

1975 PA 238, Sec. 4, supra, also includes any person who has reasonable cause to suspect that child abuse or neglect has occurred. In this section, however, the reporting requirement is optional not mandatory and the person may report the matter either to the department or to a law enforcement agency.

The members of the group delineated in sections 3 and 4 qualify as reporting persons under this act provided they have made the referral to the department or a law enforcement agency. The identity of a 'reporting person' is confidential. 1975 PA 238, Sec. 5, supra.

This confidentiality can be breached only with the consent of the 'reporting person' or by judicial process. 1975 PA 238, Sec. 5, supra. It is clear that the thrust of section 5 is to provide protection for the 'reporting person' consistent with the broader purpose of the act to encourage reporting of child abuse and neglect.

In addition to the 'reporting person' described in sections 3 and 4, other persons and agencies will, of necessity, contribute reports, documents and photographs in conjunction with and subsequent to the filing of the initial referral.

These contributors would include employees of the Department of Social Services, hospital employees, members of social agencies, health care workers and relatives and friends of the allegedly abused or neglected child. These persons are not, however, 'reporting persons' referred to in 1975 PA 238, Sec. 5, supra, and therefore, their contribution to the records are afforded the more limited confidentiality applicable to department files described in 1975 PA 238, Sec. 7(1), supra, which permits disclosure of records to certain specified individuals or agencies.

(2) Does the confidentiality of records apply to the central registry only or does it also apply to all written reports, documents or photographs filed with the department?

In keeping with the intent of the act as expressed in 1975 PA 238, Secs. 5 and 7, supra, the central registry is an official aggregation of all reported abuse and neglect cases together with essential supporting information, including all reports, documents and photographs filed with the department. There may, however, be duplicates if the material contained in the central registry and these duplicates are subject to the same requirements of confidentiality as records in the central registry. Both the registry and the materials filed in connection with cases listed in the registry are subject to the confidentiality provisions of the act whether originated by the department or transmitted to it by other persons or agencies.

It may also be noted that, pursuant to section 13(1)(d) of the Freedom of Information Act, 1976 PA 442, MCLA 15.243 (1)(d); MSA 4.1801(13)(d), information which is confidential by statute is not subject to disclosure under the Freedom of Information Act.

(3) Does expungement apply only to the central listing of abuse and neglect cases and central office files or does it apply to all departmental child abuse records?

Although 1975 PA 238, Sec. 7(2), supra, only refers to amendment and expungement of inaccurate or unsubstantiated reports and records in the central registry, it is clear that material contained in the central registry or duplicated elsewhere are subject to amendment and expungement.

(4) If a court does not find neglect or abuse, is this a presumption that there is no credible evidence of neglect or abuse?

1975 PA 238, Sec. 7(2), supra, in part states:

> '. . . A finding by a court of competent jurisdiction of child abuse or neglect shall be presumptive evidence that the report or record was substantiated. . . .'

The obverse of this statement is therefore equally true; that is, a finding by a court of competent jurisdiction that there was no neglect or abuse raises a presumption that the report or record was not substantiated and must therefore, be amended or expunged.

Frank J. Kelley

Attorney General

http://opinion/datafiles/1970s/op05297.htm
State of Michigan, Department of Attorney General
Last Updated 04/12/2001 12:23:59