**EXHIBIT H**

**to**

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO COMPEL AND FOR ENTRY OF
CONFIDENTIALITY ORDER**

**Case No. 2:06-CV-13548**



3 Newberg on Class Actions § 9:9 (4th ed.)

Newberg on Class Actions
Database updated June 2007

Alba Conte and Herbert B. Newberg

Chapter 9. Managing the Class Action for Damages: Pretrial and Trial Considerations

References

### § 9:9. Interdependence of discovery and formulation of issues: control of both essential for good management

As noted above,[FN1] issues may not be able to be formulated, or made more precise, until after the completion of all or part of the expected pretrial discovery. However, the problems of broad or vague issues are exacerbated by the real potential for overly broad, redundant, or disproportionate discovery. Thus, discovery and issue clarification are truly interdependent in many cases.[FN2] Judicial management can be effective only by focusing on both these activities. Thus, the Rules Advisory Committee, charged with revising Rule 16 to enhance judicial management of cases, naturally turned also to ways to control the problems posed by unregulated discovery among the parties. Rule 26 governing discovery was simultaneously revised in 1983 to authorize courts to regulate the reasonableness of discovery requests and to monitor the adequacy of discovery responses. Significant revisions were also made to Rule 26 in 1993, with additional revisions that became effective in 2000.

[FN1] §§ 9:7, 9:8.

[FN2] Manual for Complex Litigation (3d ed.) § 21.31.

© 2007 Thomson/West

CLASSACT § 9:9

END OF DOCUMENT

DELIB:2873607.1\060531-00069



5 Newberg on Class Actions § 16:2 (4th ed.)

Newberg on Class Actions
Database updated June 2007

Alba Conte and Herbert B. Newberg

Chapter 16. Absent Class Members

References

## § 16:2. Discovery of absent class members

Absent class members may voluntarily provide or respond to requests for information made by their class representative, in order to assist the named plaintiff in the lawsuit. The named plaintiff may communicate directly with potential class members for the purpose of such discovery.[FN1] Local rules prohibiting solicitation impliedly permit discovery.[FN2] When the class representative has properly explained the necessity for certain factual information, absent class members may informally provide this information directly to the class representative or are otherwise free to ignore such requests.

Amenability of absent class members to informal individual discovery by the class representative is not dependent on the class action rule. The burden of proof imposed on a named plaintiff to establish a cause of action may alone justify classwide discovery. For example, a plaintiff may undertake classwide discovery in order to establish an individual claim of employment discrimination on the basis of race or sex, since such discrimination, by definition, is conducted against a class.[FN3] The class representative may also undertake discovery with respect to class action issues. While many class action determinations may be made on the basis of the pleadings and affidavits,[FN4] others may pose problems with respect to class facts that are best solved through discovery. The court's role "in the midst of the procedural complexities of class certification is to assure that all relevant data necessary for the fashioning of an informed decision be laid before the bench."[FN5] Thus, courts often defer a class action determination to allow a discovery period on class issues.[FN6] In almost all cases, discovery of class facts is sought, not informally from absent class members, but formally from the defendants.[FN7]

The trial court may use its discretion to limit discovery requests which are beyond the scope of class certification issues[FN8] or to deny discovery altogether.[FN9] "The information sought must be relevant and not overly burdensome to the responding party."[FN10]

In Redmond v. Moody's Investor Service,[FN11] the court granted plaintiff's motion for a protective order under Rule 26(c) to the extent that the discovery of absent class members would be limited at this time to interrogatories and depositions, and would be restricted to issues of classwide significance. The depositions of the affiants would be limited to pattern and practice issues; supplemental depositions of the named plaintiffs would be deferred to the close of discovery; and the deposition of the plaintiffs' expert would be deferred until fact discovery was completed. The court noted that there is inevitable tension in the discovery of nonrepresentative class members because of the conflict between the competing interests of the absent class members in remaining passive and the defendant in having the ability to ascertain necessary information for its defense.

On the other hand, in order to obtain such discovery, a defendant must demonstrate that: the information sought is relevant to the decisions of common questions, that it is not available from the representative parties, that it is requested in good faith, and that the request is not burdensome. …At least two corollaries flow from these principles. First, discovery of absent class members regarding individual issues, as opposed to common

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

questions, is inappropriate. …Second, the burden on the defendant to justify discovery of absent class members by means of depositions is particularly heavy. …[FN12]

Here, the defendant did not identify any such class member whose knowledge about classwide issues was superior to that of the named plaintiffs and the deposition of all absent class members would be unduly burdensome both for the individuals and class counsel.

There is some basis, however, for taking discovery of the absent class members by way of interrogatory, and document request. The claims of discrimination in this case are supported in part by anecdotal evidence. Moody's is therefore entitled to determine whether the experience of nonrepresentative class members will confirm or rebut the claims of classwide discrimination. Likewise, the extent to which any pattern of discrimination has deterred class members from seeking promotion is a classwide issue subject to discovery. Finally, the parties disagree about the extent to which Moody's personnel decisions are decentralized, and the experience of class members may be probative on this issue. On the other hand, individualized issues, such as whether a class member voluntarily signed a release, are not appropriate for classwide discovery at this time.[FN13]

In a redlining action against a bank, the court in Buycks-Roberson v. Citibank Federal Sav. Bank,[FN14] the court granted the plaintiff bank customers' motion to compel production of loan files from the entire Chicago metropolitan area, not just from a sample selected by the defendant, and to compel answers to interrogatories. The plaintiffs were not entitled to loan files without redacted addresses, but previously redacted names of towns, zip codes and narrative appraisal information from loan files were relevant to the plaintiffs' claims and had to be produced on all documents. The defendant's sampling approach was not the kind of graduated or principle-oriented limitation of discovery that the court might be willing to allow. Having certified a class on the issue of redlining for purposes of injunctive or declaratory relief, the court found the plaintiffs' discovery requests reasonable. Sanctions for the defendant's failure to produce a knowledgeable witness at a deposition were not warranted, absent certification by the plaintiffs that they presented the bank with their objections to the deposition before filing the motion for sanctions, although the defendant did seem to believe that it could satisfy Rule 30(b)(6) by producing a witness with only selected information as the only relevant information available, just as it attempted to offer a "sample" of documents and interrogatory answers by selecting what is considered to be the relevant material. "The Federal Rules and this Court do not countenance self-selecting discovery by either party."[FN15] Courts have refused to allow discovery for a number of reasons, including the possibility of prejudicial delay,[FN16] the abusive nature of the requested discovery,[FN17] and irrelevance to class issues.[FN18]

With respect to the unique requirement to take reasonable efforts to identify names and addresses of class members in order to send individual notice of Rule 23(b)(3) class certification rulings, the Supreme Court held in Oppenheimer Fund, Inc. v. Sanders[FN19] that Rule 23(d), which concerns the conduct of class actions, not the discovery rules, empowers the district court to direct the defendants to help compile a list of names and addresses of class members from the defendant's records for the purpose of sending Rule 23(c)(2) notice, and that generally the plaintiffs must bear the cost of identifying class members. The general scope of discovery as defined by Rule 23(b)(1), "any matter … relevant to the subject matter involved in the pending action … ," did not encompass the names and addresses because the information was "sought to facilitate the sending of notice rather than to define or clarify issues in the case."[FN20]

[FN1] Cf. Cannon v. Texas Gulf Sulphur Co., 53 F.R.D. 216 (S.D. N.Y. 1971) (securities). Denying certification of another class of sellers of securities, the court refused plaintiffs' request that the court require a questionnaire to be sent to 500,000 sellers to determine whether a class action should be maintained because plaintiffs had not met Rule 23(a) requirements and the procedure would be expensive and time consuming in view of the low number of potential class members.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[FN2] Ch 15.

Cf. Grogan v. American Brands, Inc., 70 F.R.D. 579 (M.D. N.C. 1976). Defendants were permitted to depose class members and persons who were denied intervention, but the local rule prohibiting unlawful solicitation or misrepresentation in relation to class members was applicable.

[FN3] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). In a Title VII employment discrimination suit, "statistics as to [the company's] employment policy and practice may be helpful to a determination of whether [the company's] refusal to rehire respondent in this case conformed to a general pattern of discrimination against blacks." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 806, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Edwards v. Boeing Vertol Co., 717 F.2d 761 (3d Cir. 1983), cert. granted, judgment vacated on other grounds, 468 U.S. 1201, 104 S. Ct. 3566, 82 L. Ed. 2d 867, 39 Fed. R. Serv. 2d 384 (1984) (race discrimination in employment). Plaintiff in an individual suit who was also a member of a certified class in a pending suit was entitled to discovery scope equal to that which he would have obtained in the class action. It was error for the trial court in his individual suit to bar discovery prior to 1973 when as a class member he could have obtained data back to 1965.

Keyes v. Lenoir Rhyne College, 552 F.2d 579 (4th Cir. 1977) (sex discrimination in employment). Pursuant to the trial court's order, the defendant provided documents concerning the government's investigation of sex discrimination by the college and documents from its own files which furnished detailed breakdown information about the faculty.

Burns v. Thiokol Chemical Corp., 483 F.2d 300, 31 A.L.R. Fed. 646 reh'g denied, 485 F.2d 687 (5th Cir. 1973). The district court erred in sustaining the defendant's objections to certain Rule 33 pretrial interrogatories; the plaintiff may properly amass statistical evidence in Title VII race discrimination class actions. "The importance of obtaining an overall statistical picture of an employer's practices with regard to both Black and White employees does not depend upon the presence of an alleged 'pattern or practice' or a valid charge of class discrimination or class action." Burns v. Thiokol Chemical Corp., 483 F.2d 300, 306, 31 A.L.R. Fed. 646 reh'g denied, 485 F.2d 687 (5th Cir. 1973). The court ordered the district court to reevaluate the class action in light of the information available at the completion of discovery.

Taliaferro v. State Council of Higher Ed., 372 F. Supp. 1378 (E.D. Va. 1974) (sex discrimination in employment). A limited class was approved for the purpose of discovery relating to the named plaintiffs' claims, including conspiracy, against institutions with which they had some direct dealings and relating to the class of persons allegedly subjected to discrimination by the same institutions.

Rule 23 requirements all must be satisfied in spite of the inherent class nature of discrimination. General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740, 34 Fed. R. Serv. 2d 371 (1982).

[FN4] Galloway v. American Brands, Inc., 81 F.R.D. 580 (E.D. N.C. 1978) (antitrust). The court did not defer a class decision until discovery matters pending before the court were decided. "No abuse of discretion exists when a court renders a decision on class certification before further discovery is completed if a sufficient evidentiary basis is provided by a related court case and supplementary affidavits and depositions." Galloway v. American Brands, Inc., 81 F.R.D. 580, 587 (E.D. N.C. 1978).

Martin v. Easton Pub. Co., 74 F.R.D. 439 (E.D. Pa. 1977). The court refused to reconsider its denial of class designation because the allegations of the complaint were precise and complete and further discovery was unlikely to change the result.

Campbell v. A. C. Petersen Farms, Inc., 69 F.R.D. 457 (D. Conn. 1975). The pleadings and affidavits in a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

race discrimination in employment action provided sufficient facts for the court to rule on maintainability issue. The court refused to defer the class ruling pending discovery and denied certification of the class for lack of numerousness.

Pearlman v. Gennaro, 1973 WL 390 (S.D. N.Y. May 31, 1973) (securities). Defendants' contention that the class action determination should be deferred until discovery was undertaken or a full-scale evidentiary hearing was conducted so that an adequate factual record could be developed was overruled because the pleadings and affidavits contained sufficient information.

In re Antibiotic Antitrust Actions, 333 F. Supp. 267 (S.D. N.Y. 1971).

Philadelphia Elec. Co. v. Anaconda Am. Brass Co., 43 F.R.D. 452 (E.D. Pa. 1968).

Philadelphia Hous. Auth. v. American R&S San Corp., Civil Action No. 41773 (Order of Dec. 18, 1968).

An evidentiary basis may also be provided by similar or related litigation. Kamm v. California City Development Co., 509 F.2d 205 (9th Cir. 1975) (securities and land fraud). The district court did not abuse its discretion in denying plaintiffs' request for discovery because the record itself, consisting of relevant statutes, the state's complaint filed in state court, and the permanent injunction, judgment, and settlement agreement resulting from the state court action, provided a sufficient evidentiary base on which the superiority question was determined by the district court.

[FN5] Folding Cartons, Inc. v. American Can Co., 79 F.R.D. 698, 700 (N.D. Ill. 1978) (antitrust action):
To achieve that goal an extensive period of discovery is vital so that the contours of the litigation may become fully visible. That is precisely what has been accomplished in this case, and the Court is deeply appreciative of the diligence and tenacity of all counsel in spotlighting on the areas of crucial importance in this case.

Folding Cartons, Inc. v. American Can Co., 79 F.R.D. 698, 700 (N.D. Ill. 1978).

[FN6] For a general discussion of discovery related to the initial class ruling, see Ch 6. Discovery of class facts was permitted in the following cases.

**First Circuit:**

Lamphere v. Brown University, 553 F.2d 714 (1st Cir. 1977) (Rule 23(b)(2) sex discrimination in employment action). Plaintiff launched an "aggressive program of discovery," Lamphere v. Brown University, 553 F.2d 714, 715 (1st Cir. 1977), and the trial court adopted an across-the-board approach and certified a class of 20,100 persons.

Yaffe v. Powers, 454 F.2d 1362, 24 A.L.R. Fed. 864 (1st Cir. 1972). In an action for declaratory and injunctive relief against police surveillance, the court of appeals indicated that the commonality and class definition issues seemed to require some discovery. "Since a Rule 23(b) class is defined by the actions which a defendant has taken toward the class, and which should arguably be enjoined, it may appear sensible to ascertain the nature of the actions with more precision than reference to pleadings and affidavits permits." Yaffe v. Powers, 454 F.2d 1362, 1367, 24 A.L.R. Fed. 864 (1st Cir. 1972).

Cf. Dionne v. Springfield School Committee, 340 F. Supp. 334 (D. Mass. 1972). In a due process challenge to the suspension of a high school student, a motion to compel answers to interrogatories to discover who might be in plaintiff's class was denied as an improper use of discovery. The court criticized Yaffe.

**Second Circuit:**

Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc., 586 F.2d 962 (2d Cir. 1978). In

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

an antitrust action, the court held that the trial court should defer a decision on certification pending discovery if the existing record is inadequate for resolving the relevant disputed issues. The court of appeals reversed the class certification as premature and remanded for fuller development of the facts or the issues concerning fairness and adequacy of representation.

Stokes v. U.S., Immigration and Naturalization Service, 393 F. Supp. 24 (S.D. N.Y. 1975). In an action challenging investigatory procedures of the Immigration and Naturalization Service (INS), the class determination would await the conclusion of pretrial discovery because basic facts, especially those concerning commonality issues, were in controversy.

Hurley v. Van Lare, 365 F. Supp. 186 (S.D. N.Y. 1973), judgment rev'd, 497 F.2d 1208 (2d Cir. 1974), and judgment rev'd, 421 U.S. 338, 95 S. Ct. 1741, 44 L. Ed. 2d 208 (1975) and aff'd, 517 F.2d 1395 (2d Cir. 1975) (government benefits). A class action challenging state welfare regulations and seeking injunctive relief was upheld. Discovery was conducted through exchange of letters by opposing counsel.

Cf. Marcera v. Chinlund, 595 F.2d 1231, 1240 (2d Cir. 1979), judgment vacated on other grounds sub nom Lombard v. Marcera, 442 U.S. 915, 99 S. Ct. 2833, 61 L. Ed. 2d 281 (1979) (prisoners' rights). With respect to relief, discovery of absentee class members could "fill what [evidentiary] gaps remain" in the record.

**Third Circuit:**

Bogosian v. Gulf Oil Corp., 561 F.2d 434, 23 Fed. R. Serv. 2d 1050 (3d Cir. 1977), cert. denied, 434 U.S. 1086 (1978) (antitrust). Substantial discovery limited to class allegations was conducted.

Bogosian v. Gulf Oil Corp., 1983 WL 1938, 1984-1 Trade Cases ¶65,776 (E.D. Pa. 1983). Limited merits discovery of class members may be permitted under certain conditions outlined by the court.

Marchwinski v. Oliver Tyrone Corp, 81 F.R.D. 487 (W.D. Pa. 1979). Discovery was permitted on class issues concerning plaintiff and defendant classes in an employment discrimination action.

Barnett v. Laborers' Intern. Union of North America, Local 603, 75 F.R.D. 544 (W.D. Pa. 1977). Interrogatories were used to establish the basis for the class action.

Santiago v. City of Philadelphia, 72 F.R.D. 619 (E.D. Pa. 1976). In a civil rights action challenging the conditions and treatment at a youth detention center, the court denied Rule 23(b)(2) certification for monetary relief but permitted plaintiffs to continue discovery and restructure the class to conform to the requirements of Rule 23(b)(2) as it applies to damages.

Dickerson v. U. S. Steel Corp., 7 Fair Empl. Prac. Cas. (BNA) 1318, 8 Empl. Prac. Dec. (CCH) P 9479, 1974 WL 186 (E.D. Pa. 1974) (Title VII). The court said plaintiffs were entitled to reasonable discovery as to size and character of potential class even before determination as to maintainability of suit as class action.

Harris v. Dumont Co, 61 F.R.D. 423 (E.D. Pa. 1973). Though the court believed that plaintiffs satisfied the numerosity requirement in this race discrimination in housing action, some modification might be appropriate upon completion of discovery.

Seligson v. Plum Tree, Inc., 55 F.R.D. 259 (E.D. Pa. 1972). In a Rule 23(b)(3) antitrust action, the court conditionally certified the class because, since discovery had only recently begun, it could not now conclude that questions affecting individuals predominated over common questions of law or fact.

Page v. Curtiss-Wright Corp, 332 F. Supp. 1060 (D.N.J. 1971). Conditional certification was denied for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

lack of numerousness in a race discrimination in employment action after discovery by deposition and interrogatories conducted by both plaintiff and defendant produced only five or six class members.

**Fourth Circuit:**

Goodman v. Schlesinger, 584 F.2d 1325 (4th Cir. 1978). The trial court acted prematurely in dismissing the class allegations in this employment discrimination action when the court file did not contain admissions, affidavits, answers to interrogatories, or other papers containing sufficient factual information from which the court could have ascertained noncompliance with Rule 23 as a matter of law.

Shelton v. Pargo, Inc., 582 F.2d 1298, 25 Fed. R. Serv. 2d 1441 (4th Cir. 1978) (employment discrimination). "In resolving the issue of class certification, the court may not confine itself to the allegations of the complaint. An intelligent decision on class certification requires 'at least a preliminary exploration of the merits' of plaintiffs' claims." Shelton v. Pargo, Inc., 582 F.2d 1298, 1312, 25 Fed. R. Serv. 2d 1441 (4th Cir. 1978).

Doctor v. Seaboard Coast Line R. Co., 540 F.2d 699 (4th Cir. 1976) (employment discrimination). The determination whether the plaintiff carried the burden of establishing Rule 23(a) requirements usually should be predicated on more information than the complaint itself affords and the court may permit discovery relating to issues involved in maintainability.

American Fin Sys v. Pickrel, 18 Fed. R. Serv. 2d 314 (D. Md. Feb. 7, 1974). Discovery relating to class allegations was proper before certification in a declaratory judgment action to determine whether plaintiff trustees were required by Title VII to distribute retirement trust funds to defendant class of former employees. A motion to compel answers to interrogatories and production of documents was granted.

McAdory v. Scientific Research Instruments, Inc., 355 F. Supp. 468 (D. Md. 1973). A decision on class certification in an employment discrimination action was held in abeyance to allow full discovery on the issue of class composition.

**Fifth Circuit:**

State of Ala. v. Blue Bird Body Co., Inc., 573 F.2d 309, 323 (5th Cir. 1978). Certification of a national class was reversed in this antitrust action, and the case was remanded so that plaintiffs could be afforded the opportunity to establish through appropriate discovery whether the conspiracy issue was a common question. The district court had prohibited discovery.

Pittman v. E. I. duPont de Nemours & Co., Inc., 552 F.2d 149 (5th Cir. 1977). In an employment discrimination action, the Fifth Circuit stated that "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action. The plaintiff is entitled to some leeway in attempting to define the proper parameters of his proposed class." Pittman v. E. I. duPont de Nemours & Co., Inc., 552 F.2d 149, 150 (5th Cir. 1977). However, the appeals court affirmed the trial court's denial of plaintiff's motion to compel answers to 90 interrogatories on the basis that as propounded they were "overly broad and burdensome, and appear to be an abuse of the discovery process, the Court and the Defendant." Pittman v. E. I. duPont de Nemours & Co., Inc., 552 F.2d 149, 150 (5th Cir. 1977).

Dillon v. Bay City Const. Co., Inc., 512 F.2d 801 (5th Cir. 1975). "It is inherently difficult to prove a pattern of discrimination directed at such a diverse minority group as would-be home purchasers whose common ground would be the threshold of the real estate agent's office." Dillon v. Bay City Const. Co., Inc., 512 F.2d 801, 804 (5th Cir. 1975). The trial court had erred in consolidating a preliminary injunction and merits hearing which "inhibited altogether the extensive discovery and investigation necessitated by this kind of class action," and the plaintiffs were entitled to discovery on class certification issues.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Cruz v. Estelle, 497 F.2d 496 (5th Cir. 1974). The district court erroneously dismissed a prisoner's pro se civil rights action seeking injunctive, declaratory, and pecuniary relief. The court's class certification denial should be made after a hearing, and if discovery is found to be helpful or necessary, after discovery as well.

Huff v. N. D. Cass Co. of Ala., 485 F.2d 710 (5th Cir. 1973) (en banc). A class determination usually should be predicated on more information than the complaint itself affords.

Burns v. Thiokol Chemical Corp., 483 F.2d 300, 31 A.L.R. Fed. 646, reh'g denied, 485 F.2d 687 (5th Cir. 1973).

**Sixth Circuit:**

Weathers v. Peters Realty Co, 499 F.2d 1197 (6th Cir. 1974) (race discrimination in housing). A class determination should be predicated on more information than the pleadings will provide.

**Seventh Circuit:**

Folding Cartons, Inc v. American Can Co, 79 F.R.D. 698 (N.D. Ill. 1978).

**Eighth Circuit:**

Hatfield v. Williams, 64 F.R.D. 71 (N.D. Iowa 1974), see § 16:3.

**Ninth Circuit:**

Kamm v. California City Development Co., 509 F.2d 205 (9th Cir. 1975), see § 16:3.

Harriss v. Pan American World Airways, Inc., 74 F.R.D. 24, 36 to 37 (N.D. Cal. 1977). "Because Rule 23(c)(1) clearly contemplates early action by the court … discovery will not have been concluded and the factual record is therefore likely to be incomplete… . The court may of course defer a (c)(1) determination pending further discovery if it finds the record inadequate."

Cf. Carr v. New York Stock Exchange, Inc., 414 F. Supp. 1292 (N.D. Cal. 1976).

Society for Individual Rights, Inc. v. Hampton, 63 F.R.D. 399, 402 (N.D. Cal. 1973), aff'd in part, 528 F.2d 905 (9th Cir. 1975). In an action challenging the discharge of a federal civil service employee for homosexuality, the failure of the defendants to answer allegedly burdensome and oppressive interrogatories asking the number of persons discharged per year for homosexuality showed that the only requirement of Rule 23(a) in doubt was satisfied. "If the number of persons discharged on this basis per year is so large that it would be burdensome and oppressive to count them in order to answer a proper interrogatory, necessary joinder of this many persons is impracticable."

**Tenth Circuit:**

Connett v. Justus Enterprises of Kansas, Inc., 125 F.R.D. 166, 167 (D. Kan. 1988) (securities). "Regardless of whether the court conducts a full evidentiary hearing on plaintiff's motion for class certification, some discovery now may simplify the court's task in ruling on the motion. Precertification discovery may be appropriate, and in some cases may be necessary, to determine whether the requirements of Fed.R.Civ.P. 23 have been satisfied." In this securities action, the court was willing to allow a limited continuance to allow the defendants to depose the plaintiff prior to responding to the plaintiff's motion for class certification.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[FN7] **First Circuit:**

Lamphere v. Brown University, 553 F.2d 714 (1st Cir. 1977) (Rule 23(b)(2) sex discrimination in employment action).

Yaffe v. Powers, 454 F.2d 1362, 24 A.L.R. Fed. 864 (1st Cir. 1972). The appeals court ordered limited discovery of police files for purposes of resolving the commonality and class definition issues. "To pronounce finally, before allowing any discovery, the nonexistence of a class or set of subclasses, when their existence may depend on information wholly within defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23." Yaffe v. Powers, 454 F.2d 1362, 1366, 24 A.L.R. Fed. 864 (1st Cir. 1972).

**Second Circuit:**

Fruchthandler v. Blakely, 73 F.R.D. 318 (S.D. N.Y. 1976). In a Rule 23(b)(3) securities class action, a motion to certify was held in abeyance pending completion of plaintiff's interrogatories and depositions to defendants because the complaint was insufficient to ascertain the parties' positions.

Bonime v. Doyle, 416 F. Supp. 1372 (S.D. N.Y. 1976) (securities). Discovery sought to determine appropriate boundaries of the class and to indicate the desirability of creating subclasses.

Wolfson v. Solomon, 54 F.R.D. 584 (S.D. N.Y. 1972). The court ordered defendants to supply plaintiffs with the number of over-the-counter purchasers of stock so that plaintiffs could satisfy their burden of showing the appropriate number of class members.

Reichlin v. Wolfson, 47 F.R.D. 537 (S.D. N.Y. 1969). Plaintiffs must use proper discovery process to obtain a list of bondholders from defendants in order to show impracticability of joinder.

Burstein v. Slote, 12 Fed. R. Serv. 2d 577 (S.D.N.Y. June 12, 1968) (securities). The court denied defendants' motions for protective orders against plaintiffs' depositions concerning the nature and extent of the class.

**Third Circuit:**

Hopewell v. University of Pittsburgh, 79 F.R.D. 689 (W.D. Pa. 1978) (employment discrimination). Plaintiffs conducted discovery on common questions over an 18-month period.

Karan v. Nabisco, Inc., 78 F.R.D. 388 (W.D. Pa. 1978) (employment discrimination).

Canty v. Philip Morris U.S.A., 18 Fair Empl. Prac. Cas. (BNA) 86, 1978 WL 13865 (E.D. Pa. 1978). After certifying regional classes in an employment discrimination class action, the court required defendant to disclose nationwide statistical data relevant to plaintiff's motion to certify a nationwide class.

Barnett v. Laborers' Intern. Union of North America, Local 603, 75 F.R.D. 544 (W.D. Pa. 1977).

Chevalier v. Baird Sav. Ass'n, 72 F.R.D. 140, 148, 24 Fed. R. Serv. 2d 1094 (E.D. Pa. 1976) (Rule 23(b)(3) antitrust and Truth in Lending Act action). The names of class members were discoverable from defendants at defendants' cost under Rule 34 and 26(b).

Glass v. Philadelphia Elec Co, 64 F.R.D. 559 (E.D. Pa. 1974) (employment discrimination).

Burdzell v. Fesco Operations, 8 Fair Empl. Prac. Cas. (BNA) 467, 8 Empl. Prac. Dec. (CCH) ¶9676, 1974 WL 244 (W.D. Pa. 1974), appeal granted, 8 Fair Empl. Prac. Cas. (BNA) 469, 8 Empl. Prac. Dec. (CCH) ¶9677, 1974 WL 245 (W.D. Pa. 1974). Class discovery of defendant was allowed in this sex discrimination

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

suit where answers would aid materially in determining relative propriety of maintaining the suit as a class action.

Tober v. Charnita, Inc., 58 F.R.D. 74, 86 (M.D. Pa. 1973) (Rule 23(b)(3) securities action). Plaintiffs were permitted to discover class members and their addresses from defendants.

**Fourth Circuit:**

Wheeler v. Anchor Continental Inc., 80 F.R.D. 93 (D.S.C. 1978) (employment discrimination).

Hubbard v. Rubbermaid, Inc., 78 F.R.D. 631 (D. Md. 1978) (employment discrimination).

Wilson v. Allied Chemical Corp., 75 F.R.D. 45 (E.D. Va. 1977) (employment discrimination). The plaintiffs' interrogatories were as broad as the allegations of sex discrimination which involved job classification, hiring, transfers, promotions, discharges, layoffs, compensation, and the failure affirmatively to alleviate the effects of past discrimination and to carry out the terms of an earlier consent decree. The court overruled the defendants' objections to answering these burdensome interrogatories. First, the consent decree did not preclude class discovery because the plaintiffs alleged that the defendant's subsequent actions violated the decree, and the Equal Employment Opportunity Commission (EEOC) found substantial support for this claim. Second, the court would decide the plaintiff's standing when it ruled on class certification. Discovery, the court stated, must precede a ruling on the propriety or scope of a purported class action.

Pittman v. Anaconda Wire & Cable Co., 408 F. Supp. 286, 296 (E.D. N.C. 1974) (Rule 23(b)(2) race discrimination in employment action). The court ordered defendant to answer plaintiffs' interrogatories about employment practices and procedures and discharge of plaintiff because the information had a direct bearing on whether the class action might be maintained.

Taliaferro v. State Council of Higher Ed., 372 F. Supp. 1378 (E.D. Va. 1974). The court limited the tentative class to allow the plaintiffs to pursue discovery relating to their sex discrimination claims only against those institutions with which they had direct dealings. They could also pursue discovery relating to the class of persons against whom they alleged those institutions similarly discriminated. If facts were uncovered which supported the claim of a more extensive conspiracy, the court might on proper motion consider a broadening of the plaintiff and defendant classes for purposes of discovery.

**Fifth Circuit:**

Pittman v. E. I. duPont de Nemours & Co., Inc., 552 F.2d 149 (5th Cir. 1977) (employment discrimination). Plaintiff propounded 90 interrogatories to defendant.

Jones v. Diamond, 519 F.2d 1090, 1098 (5th Cir. 1975) (prisoners' rights). Plaintiff used first set of interrogatories to defendant to flesh out the Rule 23 skeleton in the pleading to support a class action but failed to introduce interrogatories formally into evidence. However, the trial court erred in deciding against certifying the class solely on the basis of the initial pleadings.

Goeth v. Gulf Oil Corp., 19 Fair Empl. Prac. Cas. (BNA) 1710, 19 Empl. Prac. Dec. (CCH) ¶9227, 1979 WL 211 (S.D. Tex. 1979). Defendants were ordered to answer interrogatories calculated to lead to evidence of systemwide sex discrimination at a plant where plaintiff was employed.

Scofield v. Board of Trustees of Lee County, 65 F.R.D. 595 (N.D. Miss. 1975) (race discrimination in employment). Interrogatories supplied information about teachers employed since 1972 and other data relevant to the time span of plaintiff's employment.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[FN8] Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 22 Fed. R. Serv. 3d 799 (11th Cir. 1992). "To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits." Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 to 1571, 22 Fed. R. Serv. 3d 799 (11th Cir. 1992).

Parker v. Bell Helicopter Co., 78 F.R.D. 507, 518 (N.D. Tex. 1978). A court may allow, as was done in this employment discrimination action, limited discovery on class issues before the Rule 23(c)(1) hearing. If the discovery reveals that across-the-board allegations are plainly insubstantial or frivolous, which was not the case here, the court can limit or deny class certification.

McCray v. Standard Oil Co. (Indiana), 76 F.R.D. 490 (N.D. Ill. 1977) (employment discrimination). The court permitted plaintiff to try to discover the existence of a class of female employees discriminated against on the basis of race but relieved defendant's burden of producing extensive documents by confining discovery to the past five years, to the local metropolitan area, and to transactions involving African-American females.

[FN9] Berland v. Mack, 48 F.R.D. 121 (S.D. N.Y. 1969) (securities). Discovery for the purpose of a more restrictive delineation of the class was denied because it would not establish the inappropriateness of the class action, the ensuing delay would run counter to the mandate of Rule 23(c)(1), and delay might prejudice class members who deferred institution of their own suits.

See also Garrett v. R. J. Reynolds Industries, Inc., 81 F.R.D. 25 (M.D. N.C. 1978). Plaintiff's effort to discover across-the-board discrimination in an employment action was ended by court's denial of class status.

Carr v. New York Stock Exchange, Inc., 414 F. Supp. 1292 (N.D. Cal. 1976). A motion for conditional class certification in a securities suit was denied for failure to carry the burden of showing numerousness when two and one-half years of discovery failed to elaborate with specificity plaintiffs' speculative claim of numerousness and their pending discovery motion made no reference to information on the class size that they claimed to be vital to their class motion.

[FN10] Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570, 22 Fed. R. Serv. 3d 799 (11th Cir. 1992).

[FN11] Redmond v. Moody's Investor Service, 1995 WL 276150 (S.D. N.Y. 1995) (employment/race and ethnicity).

[FN12] Redmond v. Moody's Investor Service, 1995 WL 276150, *1 (S.D. N.Y. 1995).

[FN13] Redmond v. Moody's Investor Service, 1995 WL 276150, *2 (S.D. N.Y. 1995).

[FN14] Buycks-Roberson v. Citibank Federal Sav. Bank, 162 F.R.D. 338 (N.D. Ill. 1995) (civil rights).

[FN15] Buycks-Roberson v. Citibank Federal Sav. Bank, 162 F.R.D. 338, 343 (N.D. Ill. 1995).

[FN16] Pittman v. E. I. duPont de Nemours & Co., Inc., 552 F.2d 149, 150 (5th Cir. 1977). In an employment discrimination action, the Fifth Circuit stated that "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action. The plaintiff is entitled to some leeway in attempting to define the class parameters of his proposed class." However, the appeals court affirmed the trial court's denial of the plaintiff's motion to compel answers to 90 interrogatories on the basis that as propounded they were "overly broad and burdensome, and appear to be an abuse of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

discovery process, the Court and the Defendant."

Crabtree v. Hayden, Stone Inc., 43 F.R.D. 281 (S.D. N.Y. 1967) (securities). The court denied plaintiffs' Rule 34 motion for the production of defendant's records showing the number of securities transactions because the plaintiffs had not shown that other customers were solicited or defrauded and granting their motion would pave the way for client solicitation.

[FN17] Cannon v. Texas Gulf Sulphur Co., 53 F.R.D. 216 (S.D. N.Y. 1971). On plaintiff's motion to certify another group of sellers in this securities class action, the court denied plaintiff's request that the court require that a questionnaire be sent to sellers to ascertain whether a class action should be maintained because plaintiffs failed to satisfy Rule 23(a) and in view of the court's belief that there would be few class members and the procedure would be expensive and time consuming.

Cf. Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir. 1985), cert. denied, 474 U.S. 1021 (1985) (securities). It is within the court's discretion to deny plaintiff counsel's motion to obtain Rule 34 production of names of similarly situated investors in order to solicit support for his efforts to certify the class.

[FN18] In re Hawaii Beer Antitrust Litigation, 1978 WL 1382, 1978-2 Trade Cases ¶62,199 (D. Haw. 1978). The court denied the defendant's motion to compel the class plaintiff to answer deposition questions about personal morality, ties to organized crime, behavior of waitresses and dancers, bribery of police, payment of taxes, and other issues. The defendant's contention that such information was relevant to adequacy of representation was rejected by the court. The court subsequently certified the class, In re Hawaii Beer Antitrust Litigation, 1978 WL 1388, 1978-2 Trade Cases ¶62,211 (D. Haw. 1978).

Glass v. Philadelphia Elec Co, 64 F.R.D. 559 (E.D. Pa. 1974). Defendant's objections to certain of plaintiff's interrogatories in an employment discrimination suit were sustained because the interrogatories were not relevant to a class action determination and exceeded the scope of discovery suggested in the court's order.

[FN19] Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

[FN20] Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).
If respondents had sought the information because of its relevance to the issues, they would not have been willing, as they were, to abandon their request if the district court would accept their proposed redefinition of the class and method of sending notice. Respondents argued to the district court that they desired this information to enable them to send the class notice, and not for any other purposes.

... .

The en banc majority avoided holding that the class members' names and addresses are "relevant to the subject matter involved in the pending action" within the meaning of Rule 23(b)(1) simply because respondents need this information in order to send the class notice. Tacitly acknowledging that discovery must be aimed at illuminating issues in the case the court instead hypothesized that there is a "potential issue in all [Rule 23(b)(3) class action] litigation whether the required notice has properly been sent. A list of the names and addresses of the class members would of course be essential to the resolution of that issue" [citation omitted]. But aside from the fact that respondents themselves never pretended to be anticipating this "potential issue," it is apparent that this "potential issue" cannot arise until respondents already have obtained the very information they seek. Nor do we perceive any other "potential issue" that could bring respondents' request within the scope of legitimate discovery.

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 353 to 354, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

CLASSACT § 16:2                                                                    Page 12

5 Newberg on Class Actions § 16:2 (4th ed.)

© 2007 Thomson/West

CLASSACT § 16:2

END OF DOCUMENT



5 Newberg on Class Actions § 16:3 (4th ed.)

Newberg on Class Actions
Database updated June 2007

Alba Conte and Herbert B. Newberg

Chapter 16. Absent Class Members

References

### § 16:3. Discovery of absent class members— Amenability to individual discovery by parties opposing class

Normal discovery procedures between persons named as adversary parties in the suit apply when class actions are involved.[FN1] There has been disagreement, however, regarding discovery procedures applicable to absent class members. Class members are subject to discovery procedures available for nonparty witnesses,[FN2] such as subpoenas, but debate has arisen over the availability of Rule 33 and Rule 34 interrogatories and requests for documents as tools for discovery of absent class members and over Rule 37 sanctions as a means to compel compliance with such discovery orders and to obtain dismissal with prejudice of the claims of absent class members who fail to respond. Rule 37 sanctions are appropriate when parties, including intervening parties, fail to respond to requests for discovery. Accordingly, intervention by class members for tactical reasons obliges the intervenors to respond to interrogatories. Failure to respond will subject them to sanctions, including dismissal with prejudice.[FN3] The risk and responsibility are things that a class representative and intervening parties knowingly accept. The question remains whether absent class members are parties who must respond to interrogatories. Judicial response to this question reflects attitudes towards the status of absent class members as parties or nonparties in the litigation.[FN4] Clearly, a primary purpose of Rule 23 is to allow a small claimant, who might otherwise be unable to assert a violation of rights, to have a vehicle for recovery.[FN5] The prospect of responding to often complex and intimidating interrogatories provides a deterrent to class action participation which undermines this goal.

In Brennan v. Midwestern United Life Insurance Co.,[FN6] an action by stock purchasers charging violations of § 10(b) of the Securities Exchange Act of 1934[FN7] and Rule 10b-5, the Seventh Circuit upheld an order dismissing the claims of certain class members for failure to respond to written interrogatories relating to defenses raised by the defendants. The court held that absent class members could, under certain circumstances, be required to submit to discovery under Rules 33 and 34, and that the sanctions of Rule 37 were available to compel compliance with such discovery orders.[FN8] The court stated that though absent class members could not be required to undergo discovery by the party opposing the class "as a matter of course,"[FN9] a trial judge could use discretion in the authorization of discovery techniques if he or she determined that "justice to all parties" required such discovery.[FN10]

The limited holding in Brennan is cited often, but it has received uneven application. Some courts accept the guidelines announced in Brennan yet refuse to allow discovery in specific cases. For example, in Bisgeier v. Fotomat Corp.,[FN11] the court held that the defendants in a securities fraud class action would not be permitted to serve detailed 16-page interrogatories on the more than 5,000 members of the class conditionally confirmed in the case. The proposed interrogatories requested information that was unnecessary to the preparation for trial on the issues of securities fraud. The court noted the limiting language of Brennan and indicated that there may be circumstances in which it would be appropriate to serve interrogatories on absent class members before trial of the principal suit. It noted that when the parties desire to discuss settlement, for example, the aggregate amount claimed would be an important factor in the negotiations, and both sides would have an interest in being able accurately to assess that factor. However, accurate information as to the identity and amount of class members' claims before trial on liability may be obtained without the use of interrogatories, when the size of the class makes a meaningful

CLASSACT § 16:3                                                                                          Page 2

5 Newberg on Class Actions § 16:3 (4th ed.)

response impossible to obtain. For example, statistical surveys or proof of claim forms[FN12] may be used.

Those courts which have approved the limited holding in Brennan have acknowledged the advice of that court that interrogatories should not be used as "a tactic to take undue advantage of the class members or … a stratagem to reduce the number of claimants,"[FN13] and absent a strong showing of necessity, discovery generally will be denied.[FN14] The District of Columbia Circuit has ruled that courts have the authority to permit reasonable discovery under Rule 23(d) subject to requirements similar to those recited in Brennan. In Dellums v. Powell,[FN15] a suit alleging the wrongful arrest of antiwar demonstrators, the court stated:

While it is true that discovery against absentee class members under Rule 33 and 34 cannot be had as a matter of course, the overwhelming majority of courts which have considered the scope of discovery against absentees have concluded that such discovery is available, at least when the information requested is relevant to the decision of common questions, when the interrogatories or document requests are tendered in good faith and are not unduly burdensome, and when the information is not available from the representative parties.[FN16]

The same court in another opinion in the identical case[FN17] stated that because discovery of absentees can be a tactic to take undue advantage of class members or a stratagem to reduce claimants, and because Rule 23 contemplates that absent class members shall remain passive beneficiaries of class suits,

courts have found it necessary to restrict availability of discovery against absentees to those instances in which a need can be shown. This restriction creates a concomitant obligation on the part of the representative plaintiffs to cooperate fully with discovery. Failure of a representative plaintiff to respond to discovery or to keep class counsel informed of his whereabouts is a serious matter which ought to be discouraged by appropriate sanctions.[FN18]

Other courts have specifically rejected the holding of Brennan that absent class members are parties for discovery purposes. In Wainwright v. Kraftco Corp.,[FN19] the court held that absent class members were not parties for purposes of Rules 33 and 34. In this antitrust class action by state boards of education charging that milk suppliers had conspired to eliminate competition and to fix prices, the court faced a problem similar to that in Brennan but refused to dismiss claims of class members who failed to respond to the defendants' interrogatories. The court noted that a number of school boards may have withdrawn from the class simply because they were intimidated by the interrogatories. One class member even requested to be dismissed as a party plaintiff because the information requested in the interrogatories would take too much time to compile. The court said: "The usefulness of Rule 23 would end if class members could be subjected to Rule 33 and forced to spend time, and perhaps engage legal counsel, to answer detailed interrogatories."[FN20]

Similarly, in Enterprise Wall Paper Manufacturing Co. v. Bodman,[FN21] a securities class action, the court found that a strong showing had not been made to compel discovery of absent class members when, first, the likelihood existed that individual claims might be extinguished by deterring participation or creating a basis for limiting claims[FN22] and, second, discovery relating to individual sources was ordinarily postponed until after the common questions had been determined. The court stated that it seemed "dubious to assume that there are no circumstances under which absent class members should be treated as parties for discovery purposes"[FN23] but did not cite Brennan in its analysis.[FN24]

In Fischer v. Wolfinbarger,[FN25] a securities fraud action, the court adhered to the view that discovery proceedings, such as the proposed interrogatories, were improper, since they were directed to members of the class who were not the named plaintiffs. The court noted the fairness of a Rule 23 class action, which is designed to handle multiple claims or defenses through a trial by the representative parties. According to the court, Rule 23 does not intend that members of the class should be treated as if they were parties plaintiff, subject to normal discovery procedures, because if that were permitted, the basis for the rule would fail.[FN26]

5 Newberg on Class Actions § 16:3 (4th ed.)

In Gardner v. Awards Marketing Corp.,[FN27] the court, while not rejecting Brennan summarily, refused to permit the defendant to submit proposed interrogatories to absent class members though the defendant was willing to stipulate that answers would not be mandatory. The court found that the proposed interrogatories to absent class members constituted a substantial burden on the class members, small businesspersons and former businesspersons, who presumably would respond, if at all, without assistance of counsel. The requested information would have required respondents to recall or search out even minute details of old and obscure transactions or negotiations. The court did not believe that answers to such interrogatories would be an essential or proper burden to place on absent class members at that time.[FN28]

Alternatives to discovery of absent class members generally include discovery of a representative sampling of class members. In Robertson v. National Basketball Association,[FN29] the court accepted the Brennan standards but imposed certain limitations on discovery in order to prevent abuse of the device,[FN30] limiting the number of individuals to whom interrogatories could be sent, but the court refused to exact compliance with the order by threat of dismissal under Rule 37(d)(2).[FN31] The court noted that, unlike Brennan, the class members in this case could not opt out from the suit and "avoid the choice of furnishing information or facing dismissal."[FN32]

In other contexts, the United States Supreme Court has repeatedly recognized that Rule 23 class actions are representative suits, not multiple joinder devices, so that absent class members may remain as passive parties to the class action and be bound by the class judgment, whether favorable or adverse.[FN33] It is also settled that the discovery Rules 33 and 34 as well as Rules 35 (physical and mental examinations) and 36 (admission requests) were designed to govern discovery among litigating parties who are actually before the court and do not apply to other persons such as third-party witnesses.[FN34] From the foregoing, it is reasonable to conclude that Rules 33 and 34 governing interrogatory and document discovery do not apply automatically to absent class members, who, as represented, passive parties to the suit, resemble closely the posture of third-party witnesses vis-a-vis such discovery in contrast to named litigating parties. Accordingly, except where rules governing third-party witnesses are followed, or except when absent class members are given reasonable notice and opportunity to assert individual proofs of claim within a specified time period in order to participate in a class settlement or class judgment,[FN35] any information from class members that under special circumstances a court may allow to be requested by the defendants must be on a voluntary-response basis only, without the threat of sanctions for nonresponse, and should be consistent with class action objectives to promote the assertion of multiple related claims through the class action device.

[FN1] For discussions on normal discovery procedures between named parties, see Lamphere v. Brown University, 553 F.2d 714 (1st Cir. 1977) (see § 16:2); Pittman v. E. I. duPont de Nemours & Co., Inc., 552 F.2d 149 (5th Cir. 1977) (see § 16:2); Roman v. ESB, Inc., 550 F.2d 1343 (4th Cir. 1976).

Rodgers v. U.S. Steel Corp., 536 F.2d 1001, 22 Fed. R. Serv. 2d 326 (3d Cir. 1976). Normal discovery procedures were used to seek information about the negotiation of a consent decree offered to class members as a settlement of any claims they might have against defendant.

Jones v. Diamond, 519 F.2d 1090, 1098 (5th Cir. 1975), see § 16:2.

Davis v. Board of School Com'rs of Mobile County, 517 F.2d 1044, 1053 (5th Cir. 1975), cert. denied, 425 U.S. 944 (1976) (school desegregation class action). The court permitted full discovery by plaintiff school principals with respect to the category of position or positions sought in an effort to establish all statistical policy and practice data of relevance to their claims.

In re Estelle, 516 F.2d 480, 483 (5th Cir. 1975) (Rule 23(b)(2) prisoners' rights suit). Plaintiff intervenor United States Justice Department had commenced substantial discovery including depositions, interrogatories, and a proposed inspection of prison facilities and interviews of inmates and employees under Rule 24.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Wilson v. Allied Chemical Corp., 75 F.R.D. 45 (E.D. Va. 1977) (see § 16:2).

Pittman v. Anaconda Wire & Cable Co., 408 F. Supp. 286, 296 (E.D. N.C. 1974), see § 16:2.

Kleinman v. Sibley, 21 Fed. R. Serv. 2d 62 (E.D. Pa. Oct. 8, 1975). In a securities action, the defendants were entitled to discovery about possible conflicts of interest on the part of present counsel, the merits of the plaintiff's individual claim, whether it fit within the proposed class definition, and so forth, but these issues had to be explored through interrogatories because the plaintiff's deposition showed that she was an unsophisticated investor and her perceptions were of little or no significance. The knowledge that the plaintiff did possess was not immune from discovery on the theory that her knowledge was communicated to her by counsel and constituted counsel's work product. The defendant was prohibited from discovering the plaintiff's knowledge, financial condition, and arrangements with counsel.

Kolta v. Tuck Indus., 20 Fed. R. Serv. 2d 1049, 1051 (S.D.N.Y. Aug. 4, 1975) (Rule 23(b)(2) race discrimination in employment action). The court struck plaintiff's 102 interrogatories as unduly burdensome, oppressive, expensive, and in many instances irrelevant or tangential, and it ordered plaintiff to narrow the scope to focus more directly on the issues of the litigation.

Miller v. Central Chinchilla Group, Inc., 66 F.R.D. 411, 415 (S.D. Iowa 1975) (securities). Defendants had used interrogatories to establish that most of the alleged misrepresentations and omissions had been made orally by defendant's sales agents on an individual basis.

State of Minn. v. U.S. Steel Corp., 44 F.R.D. 559, 582 (D. Minn. 1968) (antitrust). Discovery was limited to interrogatories to defendants relating to conspiracy issues. Transaction discovery was to be permitted only after the court's order determining the classes upon submission of proofs of claims and related documents following notice to class members.

Ellison v. Rockhill Printing & Finishing Co., 18 Fed. R. Serv. 2d 1238 (D.S.C. June 4, 1974). The named plaintiffs were required to answer interrogatories submitted by the defendant. These interrogatories requested each employee who was a named plaintiff to state separately each question of law common to the named plaintiff and to the class he or she sought to represent. The defendant could also properly inquire into the propriety of the class action, the type of injunctive relief sought, and the amount of back pay claimed. The defendant properly used Rule 37(a) to compel answers to interrogatories directed exclusively to the named plaintiffs.

American Finance System Inc. v. Pickrel, 8 Fair Empl. Prac. Cas. (BNA) 1054, 1059, 7 Empl. Prac. Dec. (CCH) ¶9141, 1974 WL 105 (D. Md. 1974) (declaratory judgment action to determine whether plaintiff trustees were required by Title VII to distribute retirement trust funds to defendant class of former employees). A motion to compel answers to interrogatories and production of documents about class allegations before certification and pending settlement offer to a class member was granted because discovery relating to class allegations was proper before certification. The scope of discovery was controlled by Rule 26, and the defendant class did not have license indiscriminately to delve into corporate files, and the court appropriately limited discovery. "The date of certification is not a talisman governing the scope of discovery under the Federal Rules when a party alleges a class suit under Rule 23."

Stavrides v. Mellon Nat. Bank & Trust Co., 60 F.R.D. 634, 636, 17 Fed. R. Serv. 2d 1126 (W.D. Pa. 1973) (antitrust). The court granted the defendants' Rule 37 motion to compel answers to deposition questions which sought to elicit information about the ethical conduct of the plaintiffs' counsel; unethical conduct might render representation inadequate and result in a denial of class certification. "[T]he question whether the plaintiffs should be permitted to proceed as a class is an issue within the phrase 'subject matter involved in the pending action' [Rule 26(b) defining the scope of discovery]."

Wolfson v. Solomon, 54 F.R.D. 584 (S.D. N.Y. 1972). After defendants refused to honor plaintiffs' request

for the number of over-the-counter purchasers of stock pursuant to Rule 34, the court ordered defendants to supply this information within 20 days so that the plaintiffs could establish the numerousness of the class.

The defendants may also attempt to discover facts from class counsel concerning fee arrangements between class counsel and the named plaintiffs. See Ch 15.

[FN2] Bogosian v. Gulf Oil Corp, 1983 WL 1938, 1984-1 Trade Cases ¶65,776 (E.D. Pa. 1983). Defendants may depose trial witnesses properly and in good faith identified as class members.

Phillips v. Pennsylvania Higher Ed. Assistance Agency, 497 F. Supp. 712 (W.D. Pa. 1980), judgment rev'd on other grounds, 657 F.2d 554 (3d Cir. 1981). In an action by debtors on guaranteed student loans alleging defendant lending agency's use of a distant forum to discourage debtors' defenses of default claims against them, subclasses were established for, first, all low-income debtors residing in four counties who had been sued previously and, second, all low-income debtors residing in four counties who would be sued. Defendant could determine potential class members' eligibility for inclusion in the low-income classes as defined in Title 20 of the Social Security Act from answers to questionnaires circulated to potential class members.

*Khalil v. RW Pressprich Co.*, 69 Civ. 5452 (S.D.N.Y. 1972). Oral depositions may be taken of all class members subject to right of any aggrieved class member to seek protective orders.

Cf. *Control Data Corp. v. IBM Corp.*, 3-68 Civ. 312 (D. Minn. Order of Sept. 20, 1971). In a nonclass action, oral depositions were permitted on written interrogatories to 2,700 "concerns in the computer industry," all of whom were considered nonparty witnesses.

[FN3] In re Consolidated Pretrial Proceedings in Air West Securities Litigation, 73 F.R.D. 12 (N.D. Cal. 1976), aff'd, 542 F.2d 1090 (9th Cir. 1976). Pursuant to Rule 37, the sanction of default judgment was imposed on defendant for defying court orders to appear for depositions.

In re Professional Hockey Antitrust Litigation, 63 F.R.D. 641 (E.D. Pa. 1974), judgment rev'd, 531 F.2d 1188 (3d Cir. 1976), judgment rev'd, 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747, 21 Fed. R. Serv. 2d 1027 (1976) and aff'd, 541 F.2d 275 (3d Cir. 1976). Actions were dismissed with prejudice for failure to answer 170-page interrogatories.

Mangano v. American Radiator & Standard Sanitary Corp., 438 F.2d 1187, 14 Fed.R.Serv.2d 1298, 1971 Trade Cases ¶73,477 (3rd Cir., Feb. 18, 1971).

[FN4] Ch 15.

[FN5] Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628, 2 Fed. R. Serv. 3d 797 (1985) (contract). "Class actions also may permit the plaintiffs to pool claims which would be uneconomical to litigate individually … this lawsuit involves claims averaging about § 100 per plaintiff; most of the plaintiffs would have no realistic day in court if a class action were not available." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809, 105 S. Ct. 2965, 86 L. Ed. 2d 628, 2 Fed. R. Serv. 3d 797 (1985).

Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper, 445 U.S. 326, 100 S. Ct. 1166, 63 L. Ed. 2d 427, 29 Fed. R. Serv. 2d 1 (1980). "Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they employ the class-action device." Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper, 445 U.S. 326, 339, 100 S. Ct. 1166, 63 L. Ed. 2d 427, 29 Fed. R. Serv. 2d 1 (1980).

[FN6] Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999, 13 A.L.R. Fed. 243 (7th Cir. 1971), cert.

denied, 405 U.S. 921 (1972).

[FN7] 15 U.S.C. §§ 78a et seq.

[FN8] Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999, 1004, 13 A.L.R. Fed. 243 (7th Cir. 1971), cert. denied, 405 U.S. 921 (1972).

[FN9] Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999, 1005, 13 A.L.R. Fed. 243 (7th Cir. 1971), cert. denied, 405 U.S. 921 (1972).

[FN10] Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999, 1005, 13 A.L.R. Fed. 243 (7th Cir. 1971), cert. denied, 405 U.S. 921 (1972).

The court stated that the trial court must insure certain conditions before allowing discovery: first, the requested information must be necessary for trial and the discovery devices may not be used to take advantage of absent class members; and second, adequate notice must advise class members of the discovery orders and of the consequences of noncompliance. Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999, 1006, 13 A.L.R. Fed. 243 (7th Cir. 1971), cert. denied, 405 U.S. 921 (1972).

[FN11] Bisgeier v. Fotomat Corp, 62 F.R.D. 118 (N.D. Ill. 1973).

[FN12] Chs 8, 11.

[FN13] Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999, 1005, 13 A.L.R. Fed. 243 (7th Cir. 1971), cert. denied, 405 U.S. 921 (1972).

Clark v. Universal Builders, Inc., 501 F.2d 324, 340, 19 Fed. R. Serv. 2d 521 (7th Cir. 1974), cert. denied, 419 U.S. 1070 (1974). In refusing to allow discovery by defendants, the court held that the lower court had erred in not determining whether the information sought was necessary or a ploy to reduce class membership before granting a discovery request.

Cf. Gardner v. Awards Marketing Corp., 55 F.R.D. 460 (D. Utah 1972). Interrogatories submitted to the class may be authorized only on strong showing of necessity or at least of likely material aid in resolution of common issues due to danger of irreconcilable conflicts between the class action concept and otherwise permissible discovery; but interrogatories would be permissible after establishing liability on common issues if they would aid materially in reaching settlement or ascertaining members of the class. The facts in this antitrust action did not warrant discovery of absent class members before a determination of liability on the issues of damages, adequate representation, and relevant product market.

[FN14] Kamm v. California City Development Co., 509 F.2d 205 (9th Cir. 1975) (securities):
In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination of the class. The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or a set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion.

Kamm v. California City Development Co., 509 F.2d 205, 210 (9th Cir. 1975).

Clark v. Universal Builders, Inc., 501 F.2d 324, 19 Fed. R. Serv. 2d 521 (7th Cir. 1974), cert. denied, 419 U.S. 1070 (1974).

Enterprise Wall Paper Mfg. Co. v. Bodman, 85 F.R.D. 325 (S.D. N.Y. 1980).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Peak v. Topeka Housing Authority, City of Topeka, 78 F.R.D. 78, 83 (D. Kan. 1978) (employment discrimination). Plaintiffs may be required to show that discovery measures are likely to produce the information necessary for making a class determination.

U.S. v. Trucking Emp., Inc., 72 F.R.D. 101 (D.D.C. 1976).

Hatfield v. Williams, 64 F.R.D. 71 (N.D. Iowa 1974) (constitutional challenge to state adoption process for children of unmarried mothers). The party who seeks to use Rule 23 bears the burden of stating in the pleadings or elsewhere sufficient facts and arguments to make a prima facie showing of Rule 23's applicability or demonstrating to the court that discovery measures are likely to produce information necessary for making a class action determination. The court denied class status because the party had done neither.

Guy v. Abdulla, 57 F.R.D. 14 (N.D. Ohio 1972). In a Rule 23(b)(1) bankruptcy class action, absent a showing of necessity, discovery was denied because the delineation of appropriate classes was a matter of law and the common factual and legal issues relevant to a class determination should have been apparent by that time.

[FN15] Dellums v. Powell, 566 F.2d 167 (D.C. Cir. 1977).

[FN16] Dellums v. Powell, 566 F.2d 167, 187 (D.C. Cir. 1977).

M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 40 Fed. R. Serv. 2d 847 (D. Mass. 1984). Discovery of absent class members may proceed when the information requested is relevant to the decision of common questions, the interrogatories or documents requests are tendered in good faith and are not unduly burdensome, and when the information is not available from the representative parties.

U.S. v. Trucking Emp., Inc., 72 F.R.D. 101, 104 (D.D.C. 1976) (Rule 23(b)(2) race discrimination in employment action). The court granted the plaintiffs' motion to compel answers to interrogatories from the defendant class members. The argument that discovery against absent defendant class members raises a conflict between competing interests of class members in remaining passive and the need of the opposing party to gather information necessary to make its case was mitigated in that passivity is a value relevant to an absent class member getting a free ride to a possible recovery rather than to an absent defendant. In addition, the element of coercion in requiring an absent defendant class member, who has not had a chance to opt out of the suit, to respond to discovery is mitigated by the fact that the compulsion arises not from the class nature of the suit but the class member's status as a defendant, always an involuntary posture. The evolving view is that the court has the power under its authority to manage a class action and under Rule 23(d) to permit discovery of absent class members when circumstances permit, the most important of which are that the party seeking discovery must demonstrate its need for the discovery for purposes of trial of the common class issues, that discovery not be for the purpose or effect of harassment or altering the opposing class membership, and that the interrogatories be restricted to information directly relevant to class issues to be tried by the court.

Grogan v. American Brands, Inc., 70 F.R.D. 579, 584 (M.D. N.C. 1976) (Rule 23(b)(2) sex discrimination in employment action). The court permitted the deposing of class members, but unlawful solicitation or misrepresentation in relation to any class members was prohibited.

Robertson v. National Basketball Ass'n, 67 F.R.D. 691, 697 (S.D. N.Y. 1975) (antitrust). The defendants' discovery of the plaintiff absent class members was permitted in the areas of bargaining history and the reasonableness of the restraints because the requisite showing of relevance and need had been made; but discovery of the amount of damages was prohibited because discovery on individual issues should be postponed until a decision on the liability issue has been made. To protect the class from undue harassment and burden on their resources and from the danger that discovery would be used to reduce class size, the

defendants could seek discovery from only a limited sample of class members, and compliance would not be extracted by threat of dismissal.

Bishop v. Jelleff Associates, 398 F. Supp. 579, 586 (D.D.C. 1974) (age discrimination). The court denied the defendants' motion to compel answers from former employees but afforded the defendants the right to renew the motion before the pretrial examiner and advised the plaintiffs' counsel to seek the answers. The pretrial examiner afterwards dismissed the claims of those who failed to answer.

[FN17] Dellums v. Powell, 566 F.2d 231 (D.C. Cir. 1977).

[FN18] Dellums v. Powell, 566 F.2d 231, 236 (D.C. Cir. 1977).

Other courts in the District of Columbia Circuit have also followed Brennan. See U. S. v. Trucking Emp., Inc., 72 F.R.D. 101 (D.D.C. 1976); Bishop v. Jelleff Associates, 398 F. Supp. 579 (D.D.C. 1974).

Marcera v. Chinlund, 565 F.2d 253 (2d Cir. 1977). In this action involving rights of pretrial detainees, the trial court erred in reasoning that the putative unfamiliarity of the plaintiff class attorneys with jails outside the county should prevent certification of a statewide plaintiff class. Discovery of absentee class was available to obtain information necessary to grant relief.

[FN19] Wainwright v. Kraftco Corp, 54 F.R.D. 532 (N.D. Ga. 1972).

[FN20] Wainwright v. Kraftco Corp., 54 F.R.D. 532, 534 (N.D. Ga. 1972).

[FN21] Enterprise Wall Paper Mfg. Co. v. Bodman, 85 F.R.D. 325 (S.D. N.Y. 1980).

[FN22] "Mandatory discovery on ordinary shareholders would provide more definite information, but at the likely price of extinguishing claims by deterring participation or creating a basis for limiting claims." Enterprise Wall Paper Mfg. Co. v. Bodman, 85 F.R.D. 325, 327 (S.D. N.Y. 1980).

[FN23] Enterprise Wall Paper Mfg. Co. v. Bodman, 85 F.R.D. 325 (S.D. N.Y. 1980).

[FN24] The court did cite Wainwright for the proposition that absent class members are not parties for discovery purposes and referred by analogy to Donson Stores, Inc. v. American Bakeries Co., 58 F.R.D. 485, 489, 17 Fed. R. Serv. 2d 226 (S.D. N.Y. 1973), in which the court held that absent class members are not parties against whom counterclaims may be asserted. Enterprise Wall Paper Mfg. Co. v. Bodman, 85 F.R.D. 325, 327 (S.D. N.Y. 1980).

[FN25] Fischer v. Wolfinbarger, 55 F.R.D. 129 (W.D. Ky. 1971).

[FN26] Fischer v. Wolfinbarger, 55 F.R.D. 129, 132 (W.D. Ky. 1971).

[FN27] Gardner v. Awards Marketing Corp., 55 F.R.D. 460 (D. Utah 1972).

[FN28] Gardner v. Awards Marketing Corp., 55 F.R.D. 460, 466 (D. Utah 1972).

Waldman v. Electrospace Corp., 68 F.R.D. 281 (S.D. N.Y. 1975) (securities). The court denied defendants' motion to compel appearances at depositions and answers to interrogatories for the purpose of discovering the financial ability of representative parties to pay notice and other litigation costs. The proper discovery if the class was later certified was plaintiffs' submission of in camera affidavits.

[FN29] Robertson v. National Basketball Ass'n, 67 F.R.D. 691 (S.D. N.Y. 1975).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

5 Newberg on Class Actions § 16:3 (4th ed.)

[FN30] "The Court must also seek to protect the class from undue harassment and excessive taxing of their resources." Robertson v. National Basketball Ass'n, 67 F.R.D. 691, 700 (S.D. N.Y. 1975).

[FN31] Robertson v. National Basketball Ass'n, 67 F.R.D. 691, 700 (S.D. N.Y. 1975).

[FN32] Robertson v. National Basketball Ass'n, 67 F.R.D. 691, 701 (S.D. N.Y. 1975).

Unlike "typical" class actions which arise under Rule 23(b)(3), this (b)(1) class is composed of fairly finite, readily identifiable members with not insubstantial claims who specifically authorized this litigation and who have financed it since its inception. Such cohesiveness is normally lacking in the "ordinary" class action. The propriety of allowing some form of class discovery should gain force when these factors appear. … Accordingly, the "strict" approach which would allow no class discovery under Rules 33 and 34 … must be rejected in favor of a more pragmatic resolution.

Robertson v. National Basketball Ass'n, 67 F.R.D. 691, 699 (S.D. N.Y. 1975).

[FN33] American Pipe & Const. Co. v. Utah, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713, 18 Fed. R. Serv. 2d 1 (1974) (limitations period is tolled for all class members).

[FN34] The express language of these rules limits their application to other parties. Contrast Rule 30, Depositions Upon Oral Examination: "(a) …any party may take the testimony of any person, including a party, by deposition upon oral examination."

[FN35] § 16:4.

© 2007 Thomson/West

CLASSACT § 16:3

END OF DOCUMENT

DELIB:2873609.1\060531-00069

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.