UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE B., et al.,

    Plaintiffs,

v.

JENNIFER GRANHOLM, et al.,

    Defendants.

_____/

CIVIL ACTION NO. 06-13548

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND FOR ENTRY OF CONFIDENTIALITY ORDER

This matter is before the magistrate judge on Order of Reference for hearing and determination of Plaintiffs' Motion to Compel and for Entry of Confidentiality Order. The parties appeared, by counsel, for hearing on August 7, 2007. Having reviewed Plaintiffs' Motion, together with Defendants' Response and Plaintiffs' Reply, and having had the benefit of oral argument, I find that the Motion should be granted.

The six named Plaintiffs are minor children who are currently in the foster care custody of the Michigan Department of Human Services ("DHS"). They have brought suit, by next friends, on behalf of themselves and the nearly 19,000 children in the foster care custody of DHS. They assert that the Defendants, all state officials responsible for the administration of the foster care system, violated Plaintiffs' rights under the First, Ninth and Fourteenth Amendments to the United States Constitution, by reason of deficiencies in the state program. Plaintiffs' Motion for Class Certification was granted on February 15, 2007.

Plaintiffs First Request for Production of Documents was served on April 30, 2007. At issue here are requests numbered 1-6, inclusive, each of which seeks all documents relating to a named Plaintiff, including but not limited to case files and other records created

or maintained by DHS and/or related child placement agencies (CPAs). Document request number 7 seeks all files for the period 2004 through the present relating to children who died in foster care custody, whether in DHS - supervised or CPA - supervised foster placement. Defendants concede that the requested documents contain information which is relevant to the issues in this case. They maintain, however, that they are obliged by state privacy statutes to redact "individually - identifying information" in order to protect the privacy rights of third parties. Defendants maintain that the redaction of such information would not adversely impact Plaintiffs' ability to prove their claims in this court. In response, Plaintiffs assert that the redaction of information identifying the persons who came into contact with Plaintiffs (and deceased foster children), and/or persons who were denied such contact, would render it impossible to evaluate the decisions made by DHS regarding the children's care and placement. Plaintiffs further claim that the production of the requested documents in unredacted form is authorized by Michigan State law, and that the state's legitimate interest in confidentiality can be adequately served by means of a protective order.

Both parties have cited the opinion of Magistrate Judge Whalen in <u>Seales v. Macomb County</u>, 226 F.R.D. 572 (E.D. Mich. 2005). In that case, a former resident of a county operated juvenile residential facility brought a 42 U.S.C. §1983 action against the county and certain individual employees of the facility alleging assault, unjustified use of force and malicious prosecution. Mr. Seales sought to compel the pre-trial disclosure of the identities of, and contact information for, other current and former residents of the facility who were either witnesses to the events of his own case or who had experienced similar incidents. As in the instant case, the Defendants argued that state confidentiality

statutes regarding juvenile records precluded the broad sweep of discovery established by Fed.R.Civ.P. 26(b). Magistrate Judge Whalen concluded that the Michigan statutes requiring confidentiality of records regarding minors did not amount to the establishment of a privilege protection for such information. He further determined that, even if a state statutory privilege did exist, "this Court is not bound by a state statutory privilege not also found in federal statutes or common law." 226 F.R.D. at 576 (citations omitted). Magistrate Judge Whalen further observed that federal courts have generally declined to grant requests for new privileges. He concluded that the Michigan confidentiality statutes upon which the defendants had relied do not have controlling weight in a federal court, and that the scope of discovery in federal court is governed by the general principles enunciated in Fed.R.Civ.P. 26(b). Nonetheless, he determined that the state statutes should be afforded some weight, along with other factors, in deciding whether materials should be discoverable. Ultimately, he compelled the production of some of the information sought, but permitted the redaction of other information as to which plaintiff had not made a sufficient showing of need. Thus, Plaintiffs in the case at bar cite Seales for the proposition that the Federal Rules of Civil Procedure take precedence over state confidentiality statutes in defining the scope of discovery in federal cases. Defendants cite the case for the proposition that the policy interests underlying a state statute must be considered by the court in determining the proper scope of discovery in a federal case. I am in accord with both arguments.

Defendants concede that the Michigan statutes mandating confidentiality with respect to information pertaining to juveniles do not establish an evidentiary privilege. Accordingly, extended analysis of that issue is unnecessary. Suffice it to say that no

3

provision of the state statutes purports to create such a privilege, and Defendants have offered no evidence that a comparable protection is currently recognized by federal law. Fed.R.Ev. 501 provides that the privilege of a state or political subdivision is to be determined in accordance with state law in civil actions with respect to an element of a claim or defense as to which state law supplies the rule of decision. In this case, however, the claims are based upon fundamental federal law. I would further observe that the Michigan statutes upon which Defendants primarily rely allow for numerous exceptions to the confidential status of information relating to juveniles. The number and nature of those exceptions strongly suggest that the measure of protection which the legislature intended to afford such information was something less than a true privilege. For all of the above reasons, I conclude that the disposition of Plaintiffs' Motion must be determined by a balancing of competing policy considerations.

Defendants cite a wide array of Michigan statutes which prohibit or limit the disclosure of information. (Defendants' Brief, Page 9, n.2). They correctly observe that the legislature granted DHS special access to various forms of highly personal information which was otherwise protected from disclosure by state law. In permitting DHS access to such information, the legislature also prescribed narrow circumstances in which the agency may release the confidential information in its possession. (See, MCL 722.627; MCL 722.120; MCL 710.67). The statute most pertinent to the documents sought in this case is MCL 722.627, which charges the Department to maintain a statewide, electronic central registry in executing the child protection laws. Defendants rightly observe that confidentiality is essential to the accomplishment of DHS child welfare objectives. Certainly, the promiscuous violation of such confidentiality would have a chilling effect upon

4

the willingness of reporting sources to divulge sensitive information. Consequently, this court should not order the Defendants to breach that confidentiality in the absence of compelling justification, and even then should gauge the scope of disclosure by the level of need for the information and employ appropriate measures to preclude the unnecessary compromise of legitimate privacy interests. Defendants maintain that such objectives are best met by permitting disclosure of the requested documents only in redacted form which omits any individually - identifying information relating to third parties and absent Plaintiffs. They contend that Plaintiffs have not made a showing of need for broader access to the state's files.

MCL 722.627d(2)(a) grants to the director of the Department of Human Services discretion to release "specified information" where the release is in the best interest of the child to whom the specified information relates, or the release is not in conflict with the best interests of the child and certain other conditions are met. "Specified information" relates specifically to the department's actions in responding to a complaint of child abuse or neglect, but does not include, among other things, "personal identification information for any individual identified in a child protective services record." MCL 722.622(y). While Plaintiffs urge the court to order the production of the requested records under those provisions, they cite no authority for a compelled exercise of the director's discretion, or for the production of the records in totally unredacted form.

Plaintiffs note that MCL 722.627 creates 17 exceptions to the obligation of DHS to maintain the confidentiality of the information it has assembled in juvenile matter. Generally speaking, the exceptions afford access to confidential information by law enforcement authorities and persons or agencies with professional or official roles in the care and

5

protection of minor children and/or oversight or investigative roles relating to the administration of the child care system. With specific reference to the records of children who have died in state custody, the statute also permits release of central registry information to a child fatality review team or a medical examiner for the purpose of carrying out official duties. MCL 722.627(2)(o) - (q).

MCL 722.627(2)(j) permits the disclosure of confidential information to a lawyer-guardian ad litem or other attorney appointed to serve the interests of a child covered by the Act. The statute, however, restricts disclosure to appointees in cases filed under the Child Protection Act in which judicial proceedings are necessary. In view of that restriction, I conclude that the exception would not apply to Plaintiffs' appointed attorneys. None of the other exceptions listed in MCL 722.627 appears to apply precisely to Plaintiffs or their counsel.

MCL 722.627(2)(g) permits disclosure of information from the central registry to "[a] court that determines the information is necessary to decide an issue before the court." That subsection contains no restrictive qualifications, and would appear to apply with equal force to a state or federal court. In <u>Warner v. Mitts</u>, 211 Mich.App. 557 (1995) the Michigan Court of Appeals upheld the release to a state circuit court of a Department of Social Services report regarding a father's alleged abuse of his daughter. The released information included the identity of the person who reported the alleged abuse in the context of a lawsuit by the father against that individual. The identity of such persons is confidential under Michigan law. The release was premised upon the provisions of MCL 722.627(2)(g). Without an exhaustive analysis, the Michigan Court of Appeals held that "[t]he trial court could properly order the report released for use in determining the issues

before it." 211 Mich.App. at 567. Unfortunately, the precise contours of that "use" are not revealed in the reported decision. It is likely that the documents sought by Plaintiffs in the instant motion are far more voluminous than the single record at issue in Warner. Counsel for Defendants suggested at oral argument that the records pertaining to each individual child would amount to thousands of pages. In that event, an *in camera* review of the requested files is not feasible. Nonetheless, since the files comprise the central record of the activities of the state agency whose conduct is the essential issue in this case, it is reasonable to conclude even at this juncture that the information contained in them is "necessary to decide" the constitutional issues in controversy. In the usual course of an adversary proceeding, the court is guided through the evidence by the contesting parties. Not only does that process lie at the heart of an adversarial system, it promotes the efficient and expeditious disposition of cases by allowing the parties to extract from the entirety of potentially relevant evidence those portions which are most material and probative. Stated succinctly, I know of no reason why a court could not compel the disclosure in discovery of information which it determines was necessary to decide the issues before it.

Even if the production of unredacted records could not be justified under the statutory exception to confidentiality for matters necessary to decide an issue before the court, I am satisfied that Plaintiffs have demonstrated a level of need for the requested materials which, in the presence of adequate safeguards, outweighs the state's interest in confidentiality. Defendants do not dispute Plaintiffs' assertion that the records in question constitute the primary record of DHS action, or inaction, with respect to the children whose records are sought. Indeed, the Defendants themselves have acknowledged that DHS has collected information from a variety of sources to support the administration of its child

7

protective function.  Undoubtedly, much of that information is sensitive, and public confidence in its security serves to promote the necessary flow of information to the agency.  Nonetheless, the child protection law allows for disclosure in numerous specified circumstances in which it will promote the best interests of the children involved, the proper functioning and oversight of the system, or the interests of justice.  Whether or not the use of such information in this lawsuit falls within an enumerated statutory exception, this court should consider the same issues in determining the extent of disclosure authorized by Fed.R.Civ.P. 26.

The Plaintiffs in this case allege the violation of Defendants of their constitutional rights.  Their claims have survived a Motion to Dismiss, and Fed.R.Civ.P. 26(b)(1) affords them the right to obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party . . .."  It is difficult to imagine subject matter more relevant to Plaintiffs' claims of improper administration of Michigan's Child Protective System than the very records of that system.  While the Child Protective Law, and the other statutes identified by Defendants, represent a valid and important state interest in confidentiality, their paramount purpose is the protection of the children whose interests the DHS exists to serve.  I am persuaded that the documents sought by Plaintiffs are essential to the determination of the issues in this case.  Denial of access to such records would most certainly impede Plaintiffs' efforts to prove the allegations in the Complaint.  It would be both ironic and improper, in my view, for this court to permit state confidentiality statutes to insulate DHS against judicial consideration of allegations that it failed to adequately serve the very children whom the statutes and the agency exist to protect.  Such a result is certainly not warranted on grounds of comity or federalism.  As noted by the district judge

in the Opinion and Order denying Defendants' Motion to Dismiss ". . . there are no 'comity' or 'federalism' concerns presented by this lawsuit because the State of Michigan has voluntarily agreed to federal oversight of its foster care system in exchange for federal funding." (Opinion and Order Denying Defendants' Motion to Dismiss, Page 12, n.5). I note as well that the records of the named Plaintiffs have been made available to them by the Defendants for the purpose of facilitating settlement negotiations. I see little additional risk to the confidentiality of such records by Plaintiffs' examination and use of them in prosecuting their case.

No prior disclosure of records pertaining to children who died in state custody has been made in this case. To be sure, the state has valid policy reasons for the statutory confidentiality of such records. At the same time, the concept of the "best interests" of a state ward is narrowed significantly by his or her death. Disclosure of records will no longer threaten the child's physical or emotional security in any way. There is no longer a concern that disclosure of information will discourage potential future reports of abuse of that victim. Plaintiffs' interest in the requested information, however, is not diminished by the death of a child in state custody. Quite the opposite is true. To the extent that the action or inaction of DHS may have played a role in the death of a child ward, information concerning agency conduct is at the very heart of the issues framed in the pleadings. There is likely to be no better evidence of the role of DHS in the life and death of a child in its custody than the central record of agency activities. No equally fertile source of information has been suggested, and none comes to mind. In my view, this court's capacity for the proper disposition of the claims and defenses in this action would be adversely and severely affected by denial of Plaintiffs' access to the deceased children's files.

As an alternative to immediate production of the unredacted records, Defendants suggest that redacted versions be produced, and that Plaintiffs be required to specifically justify the need for additional detail in each instance. I find that position unacceptable on both practical and policy grounds. Fed.R.Civ.P. 26 establishes a clear policy of broad discovery and liberal enforcement. The central claim of this action is that Defendants failed to properly administer the state child protection programs. Proper evaluation of official action or inaction is enhanced by detailed knowledge of the circumstances presented to the Defendants at the time, and the facts known or unknown to them during their interactions with the children. Only by viewing the entirety of the circumstances can a fair judgment be rendered.

Redaction and staged supplementation of information will also serve to delay the disposition of this case. If the documentation is as extensive as Defendants' suggest, redaction will be a time consuming process at the outset. Plaintiffs legitimate need for a comprehensive evaluation of agency action would undoubtedly require a struggle at every progressive step, with the inevitable waste of additional time and resources. In my view, Plaintiffs have made a sufficient showing of need for complete official records at the outset of this case, and Defendants' legitimate security interests can be adequately served by the entry and enforcement of an appropriate protective order.

Fed.R.Civ.P. 26(c) provides for the entry of Protective Orders for the protection of a party from whom discovery is sought. While I find that Plaintiffs' need for unredacted documents outweighs the state's need for confidentiality in this instance, it is appropriate to safeguard the confidentiality of the Defendants' records to the fullest extent consistent with the proper determination of this action. Accordingly, the parties' use of the information

to be produced in accordance with this order shall be governed by a Protective Order of even date. For all of the above reasons, it is ordered that Plaintiffs' Motion to Compel and for Entry of a Confidentiality Order is granted. Defendants are ordered to produce all documents responsive to Plaintiffs' First Request for Production of Documents, Numbered 1-7 inclusive. Defendants are ordered to produce the responsive documents on or before September 15, 2007.

                                                 s/Donald A. Scheer
                                                 DONALD A. SCHEER
                                                 UNITED STATES MAGISTRATE JUDGE

DATED: August 17, 2007

_____

**CERTIFICATE OF SERVICE**

     I hereby certify on August 17, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 17, 2007. **None.**

                                                 s/Michael E. Lang
                                                 Deputy Clerk to
                                                 Magistrate Judge Donald A. Scheer
                                                 (313) 234-5217