UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE B., by his next friend, John
Stempfle; et al.,                                        Case No. 06-13548

                    Plaintiffs,                          Honorable Nancy G. Edmunds

v.

JENNIFER GRANHOLM, et al.,

                    Defendants.
_____/

**ORDER OVERRULING DEFENDANTS' OBJECTIONS TO TAXED BILL OF COSTS
[155]**

        This matter comes before the Court on Defendants' objections to Plaintiffs' taxed bill

of costs.  For the reasons stated below and in Plaintiffs' brief, Defendants' Objections are

OVERRULED.

**I.      Analysis**

        **A.  Prevailing Parties**

        Plaintiffs are the prevailing parties for purposes of seeking reimbursement of their

litigation expenses.  Controlling law provides that a plaintiff obtaining equitable relief on its

claims by means of a court-enforceable consent decree is a "prevailing party" for purposes

of assessing litigation expenses.  *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia

Dept. of Health & Human Resources*, 532 U.S. 598, 603, 604 (2001); *Doe v. Hogan*, 421

F. Supp.2d 1051, 1056, 1059 (S.D. Ohio 2006).  On October 24, 2008, this Court finally

approving the parties' July 3, 2008 Settlement Agreement and ordered that the Agreement

be entered as a binding Consent Decree.

Moreover, the parties' July 3, 2008 Settlement Agreement also acknowledges that Plaintiffs are "prevailing parties:"

> For purposes of this Agreement, the parties acknowledge that <u>Plaintiffs, as prevailing parties in this lawsuit, are entitled to recover and reserve the right to seek expenses of litigation</u>, including reasonable attorney's fees and non-taxable costs, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23(h).

(Order Entering Consent Decree, XIX at 73, Dkt. No. 148 (emphasis added).)  Read in context and giving effect to its plain meaning, this provision provides that Plaintiffs are to be deemed "prevailing parties" in their effort to seek reimbursement of their "expenses of litigation" that are (1) taxable under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, and (2) non-taxable costs and attorney's fees under 42 U.S.C. § 1988 and Fed. R. Civ. P. 23(h). Defendants' contrary, more narrow interpretation improperly asks this Court to imply a waiver of Plaintiffs' right to seek taxable costs under Rule 54(b) and 28 U.S.C. § 1920.

**B. Reimbursement of Costs for Court-Appointed Expert**

**1. General Principles for Assessing Costs under Rule 54(d) and § 1920**

"Rule 54(d) of the Federal Rules of Civil Procedure establishes that the prevailing party <u>shall</u> be allowed to recover its costs unless the court directs otherwise. Costs that may be taxed are specified in 28 U.S.C. § 1920." *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005) (footnotes omitted)(emphasis added).  Section 1920 provides for the recovery of the following costs:

(1)    Fees of the clerk and marshal;

(2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and copies of papers necessarily obtained

for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  "The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920."   *Keweenaw Bay Indian Community v. Rising*, No. 2:03-CV-111, 2005 WL 3535124 (W.D. Mich. Dec. 22, 2005) (internal quotations and citation omitted).

"The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs."  *BDT Products*, 405 F.3d at 419.  "In reviewing a request for taxation of costs, a court must look first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary."  *Whirlpool Corp. v. LG Electronics, Inc.*, No. 1:04-CV-100, 2007 WL 2462659 (W.D. Mich. Aug. 26, 2007) (internal quotations and citation omitted).

### 2.  Application

Defendants object to the reimbursement of the $156,160.00 advanced by Plaintiffs to pay for one-half of the professional fees charged by Children's Research Center ("CRC"), an independent expert appointed by this Court pursuant to Federal Rule of Evidence 706. (*See* 8/10/07 Order, Dkt. No. 62.)   This objection is overruled. These expenses are allowable costs items under § 1920(6).   Moreover, as explained in Plaintiffs' brief, the amount is reasonable and was necessary to facilitate the settlement of this complicated matter.  Finally, there is nothing in the Court's August 10, 2007 Order that precludes this

reimbursement. Contrary to Defendants' strained reading of that Order, it provides that the Court "may" assess these costs pursuant to 28 U.S.C. § 1920 "[u]pon resolution of this case." *Id.* at ¶ 2.

## II.   Conclusion

For the foregoing reasons, Defendants' objections to Plaintiffs' taxed bill of costs are OVERRULED.


                    s/Nancy G. Edmunds_____
                    Nancy G. Edmunds
                    United States District Judge

Dated:  January 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 23, 2009, by electronic and/or ordinary mail.

                    s/Carol A. Hemeyer_____
                    Case Manager